## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MCLOUD TECHNOLOGIES (USA) INC., MCLOUD TECHNOLOGIES SERVICES INC., MCLOUD TECHNOLOGIES CORP., | ) ) ) ) | C.A. No. 25-692-RGA |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| ATB FINANCIAL and FIERA PRIVATE DEBT FUND GP INC, | ) ) ) | |
| Defendants. | ) ) | |

### DEFENDANT ATB FINANCIAL'S OPENING BRIEF IN SUPPORT OF ITS
### MOTION TO DISMISS THE COMPLAINT

POTTER ANDERSON & CORROON LLP

Jesse L. Noa (#5973)
Malisa C. Dang (#7187)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
jnoa@potteranderson.com
mdang@potteranderson.com

Dated: August 22, 2025

*Attorneys for Defendant ATB Financial*

# TABLE OF CONTENTS

NATURE AND STAGE OF THE PROCEEDINGS ..................................................... 1

SUMMARY OF THE ARGUMENTS ......................................................................... 2

STATEMENT OF FACTS ........................................................................................ 2

LEGAL STANDARD ............................................................................................... 7

ARGUMENT ........................................................................................................... 8

    A.  ATB Must be Dismissed Based on the Forum Selection Clause in the Relevant Loan and Forbearance Agreements. .................................................................................... 8

    B.  There Is No Personal Jurisdiction Over ATB. .............................................. 10

    C.  The Action Should be Dismissed Under the Doctrine of *Forum Non Conveniens* .......... 13

        1.  Canada is an adequate alternate forum and comity warrants dismissal. .................. 14

        2.  Plaintiffs' choice of forum deserves no deference. .................................... 15

        3.  The Private and Public Interest Factors Dictate that Canada is the More Appropriate Forum. ....................................................................................... 16

    D.  The Complaint Should be Dismissed for Failure to State a Claim .................. 17

        1.  Count I - Plaintiffs do not identify a single agreement or provision that ATB breached. ..................................................................................... 17

        2.  Count II - Plaintiffs do not identify a specific implied contractual obligation that ATB breached. ................................................................................ 18

        3.  Count III - Plaintiffs cannot state a claim for tortious interference. .............. 19

CONCLUSION ....................................................................................................... 20

# **TABLE OF AUTHORITIES**

**Page(s)**

CASES

*369413 Alberta Ltd. v. Pocklington*,
2000 ABCA 307 (CanLII) ...................................................................................17

*Affinia Grp. Inc. v. BPI Holdings Int'l, Inc.*,
C.A. No. 9519-VCL (Del. Ch. Apr. 10, 2014) ...........................................................8

*Asahi Metal Indus. Co. v. Super. Ct. of Cal.*,
480 U.S. 102 (1987)........................................................................................12

*Ashcroft v. Iqbal*,
556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ...........................................7

*Automated Precision, Inc. v. Pare*,
631 F. Supp. 3d 185 (D. Del. 2022)......................................................................20

*Bell Helicopter Textron, Inc. v. C & C Helicopter Sales, Inc.*,
295 F. Supp. 2d 400 (D. Del. 2002)......................................................................16

*Bhasin v. Hrynew*,
2014 SCC 71 (CanLII).....................................................................................17

*Brit. Telecommunications PLC v. Fortinet Inc.*,
424 F. Supp. 3d 362 (D. Del. 2019)......................................................................14

*Carlyle Inv. Mgmt. LLC v. Moonmouth Co.*,
779 F.3d 214 (3d Cir. 2015)................................................................................8

*Crescent Int'l, Inc. v. Avatar Communities, Inc.*,
857 F.2d 943 (3d Cir. 1988)............................................................................8, 9

*EBP Lifestyle Brands Holdings, Inc. v. Boulbain*,
2017 WL 3328363 (Del. Ch. Aug. 4, 2017) ...........................................................12

*Eurofins Pharma US Holdings v. BioAlliance Pharma SA*,
623 F.3d 147 (3d Cir. 2010).........................................................................7, 14

*FinancialApps, LLC v. Envestnet, Inc.*,
C.A. No. 19-1337-CFC-CJB, 2020 WL 4569466 (D. Del. July 30, 2020) ......................17, 18

*Haney v. Blackhawk Network Holdings, Inc.*,
2016 WL 769595 (Del. Ch. Feb. 26, 2016) ...........................................................18

*Hemostemix Inc. v. Accudata Sols., Inc.*,
  C.A. No. 20-881-RGA, 2022 WL 609106 (D. Del. Feb. 28, 2022) ........................................20

*Instrumentation Assocs., Inc. v. Madsen Elecs. (Canada) Ltd.*,
  859 F.2d 4 (3d Cir. 1988)........................................................................................................9

*Kee v. Blue Line Distrib., Inc.*,
  587 F. Supp. 2d 636 (D. Del. 2008)........................................................................................11

*Outokumpu Eng'g Enters., Inc. v. Kvaerner EnviroPower, Inc.*,
  685 A.2d 724 (Del. Super. 1996) ..................................................................................... 12-13

*Paraschos v. YBM Magnex Int'l, Inc.*,
  130 F. Supp. 2d 642 (E.D. Pa. 2000) .....................................................................................15

*Path to Riches, LLC on behalf of M.M.T. Diagnostics (2014), Ltd. v. CardioLync, Inc.*,
  290 F. Supp. 3d 280 (D. Del. 2018).........................................................................................13

*PATS Aircraft, LLC v. Vedder Munich GmbH*,
  197 F. Supp. 3d 663 (D. Del. 2016)........................................................................................16

*Phila. Gear Corp. v. Phila. Gear de Mex., S.A.*,
  44 F.3d 187 (3d Cir. 1994)......................................................................................................15

*Phunware, Inc. v. Excelmind Grp. Ltd.*,
  117 F. Supp. 3d 613 (D. Del. 2015)........................................................................................13

*Piper Aircraft Co. v. Reyno*,
  454 U.S. 235 (1981)...........................................................................................14, 15, 16, 17

*Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n*,
  819 F.2d 434 (3d Cir. 1987)......................................................................................................7

*Reklam v. Bellator Sport Worldwide LLC*,
  C.A. No. 16-285-JFB-SRF, 2017 WL 5172397 (D. Del. Nov. 8, 2017) ................................18

*Sapp v. Indus. Action Servs., LLC*,
  C.A. No. 19-912-RGA, 2024 WL 3444633 (D. Del. July 17, 2024).....................................19

*Stewart v. BF Bolthouse Holdco, LLC*,
  2013 WL 5210220 (Del. Ch. Aug. 30, 2013) ........................................................................19

*Telcordia Techs., Inc. v. Alcatel S.A.*,
  C.A. No. 4-874, 2005 WL 1268061 (D. Del. May 27, 2005)..................................................10

*Time Share Vacation Club v. Atl. Resorts, Ltd.*,
  735 F.2d 61 (3d Cir. 1984).........................................................................................................7

*Waxman v. Waxman*,
  2004 CanLII 39040 (ON CA) .................................................................17

*Windt v. Qwest Commc'ns Int'l, Inc.*,
  529 F.3d 183 (3d Cir. 2008) ..................................................................15

**STATUTES & RULES**

10 *DEL. C.* § 3104(c) ...............................................................................11

FED. R. CIV. P. 12 .....................................................................................8

FED. R. CIV. P. 12(b)(2) ......................................................................1, 7

FED. R. CIV. P. 12(b)(6) ......................................................................1, 7

FED. R. CIV. P. 45 ...................................................................................17

Pursuant to the Federal Rules of Civil Procedure 12(b)(2) and (6), Defendant ATB Financial ("Defendant" or "ATB") respectfully submits this Opening Brief in Support of its Motion to Dismiss the Complaint (the "Motion") filed by Plaintiffs mCloud Technologies (USA) Inc. ("mCloud USA"), mCloud Technologies Services Inc. ("mCloud Technologies Services"), and mCloud Technologies Corp. (collectively, "Plaintiffs") and states as follows:

## INTRODUCTION

This dispute arises from alleged breaches of loan agreements governed by Canadian law, involving Canadian parties, and transacted in Canada. While Plaintiffs' Complaint is rife with vague and improper conclusory allegations, the Complaint fails because the applicable governing documents contain multiple exclusive forum-selection clauses and, aside from a single plaintiff's apparent incorporation in Delaware, nothing about this dispute involves Delaware. Indeed, ATB is a "Crown Corporation," formed as an agent of the government of Alberta, and it has no operative connections to Delaware sufficient to trigger personal jurisdiction. Even ignoring this, because the transaction arose in Canada, and because operative events, witnesses and documents are located in Canada, this dispute should be dismissed in favor of that forum. Finally, the Complaint fails to state a claim because, among other reasons, it fails to identify the relevant contractual provisions at issue, improperly duplicates an implied covenant claim over its purported breach claim, and the Complaint offers nothing aside from conclusory conclusions as it relates to ATB's alleged misconduct. The Complaint should be dismissed.

## NATURE AND STAGE OF THE PROCEEDINGS

On June 4, 2025, Plaintiffs filed a complaint against ATB and Fiera Private Debt Fund GP Inc. ("Fiera") (collectively, "Defendants"), asserting claims against ATB relating to the alleged breach of certain "loan agreements and related loan documents" (Count I), breach of the covenant of good faith and fair dealing implied as a matter of law in the loan agreements (Count II), and

tortious interference between Plaintiffs and non-party Jonathan Young (Count III).  D.I. 1.
Defendant ATB files this brief in support of its Motion.

## SUMMARY OF THE ARGUMENTS

1.      The relevant loan, security, and forbearance agreements between Defendant/Lender
ATB and Plaintiffs/Borrower contain exclusive forum selection clauses to adjudicate any claims
arising from the agreements in the Courts of the Province of Alberta, Canada.

2.      This dispute concerns a transaction ("Transaction") arising in Alberta, Canada, and
there are no relevant contacts involving ATB and Delaware.  Accordingly, there is no personal
jurisdiction over ATB.

3.      Alternatively, the Complaint should be dismissed against ATB under the doctrine
of *forum non conveniens* because all factors weigh in favor of litigating this dispute in Canada.
ATB and the Plaintiffs are already parties to an action ("Alberta Action"), in Alberta, concerning
the loan documents, security, indebtedness, and related issues as between ATB and (among others)
the Plaintiffs, who are all defendants in the Alberta Action.  Furthermore, the assets concerning
the Transaction in dispute in this proceeding are subject to ongoing receivership proceedings
commenced by ATB in Canada ("Receivership Proceedings") within the Alberta Action.

4.      The Complaint fails to state a claim for breach of contract, the implied covenant of
good faith and fair dealing, and tortious interference because Plaintiffs fail to identify the relevant
loan agreements or provisions breached, any implied obligation under the various loan agreements,
or sufficient wrongful conduct by ATB in interfering with other contracts.

## STATEMENT OF FACTS

mCloud Technologies Services is a Canadian corporation that operates an information
technology and software-based business that focuses on the application of artificial intelligence

and data analytics.  *See* Compl. ¶ 2.  To fund its operations, mCloud Technologies Services sought a loan from ATB.  *Id.* ¶ 8.

ATB is a "Crown corporation," wholly owned by the Government of the Province of Alberta and established pursuant to an act of the Legislature of Alberta titled, the "ATB Financial Act."  *See* Declaration of Ian Mark Philip, ¶ 5 (hereinafter "Philip Decl.").  The ATB Financial Act (the "ATB Act") provides, among other things, that ATB is an agent of the Crown in right of Alberta.  Ex. 1.[1]  ATB maintains its principal place of business in Alberta, Canada, with its head office in the City of Edmonton, in the Province of Alberta.  Philip Decl. ¶ 5.

On November 8, 2021, a Commitment Letter was entered into by ATB, as lender, mCloud Technologies Services as borrower, and guarantors mCloud Technologies Corp., mCloud USA, nGrain (Canada Corporation), mCloud Technologies (Canada) Holdings Inc., and Field Diagnostic Services, Inc (collectively, the "Guarantors" and together with mCloud Technologies Services, the "Debtors") (the "Commitment Letter").  Ex. 2.  Pursuant to the Commitment Letter, ATB made available to mCloud Technologies Services, a non-revolving, demand term loan facility in the maximum amount of $3,393,083 (the "Credit Facility").  *Id.*  Furthermore, as continuing security for the Borrower's obligations to the Lender, the Debtors executed security agreements dated June 18, 2021 (collectively, the "General Security Agreements" or "GSA").  Ex. 3.

Section 13(z) of the Commitment Letter provides that the agreement is governed by the laws of the Province of Alberta and jurisdiction shall be brought and adjudicated only in Alberta:

> Each of the Loan Parties and Lender irrevocably and unconditionally agree that any suit, action or other legal proceeding (collectively, a "**Suit**") instituted by Lender and **arising out of this Agreement shall be brought and adjudicated only in Alberta, and each Loan Party waives and agrees not to assert by way of**

---

[1] The exhibits referenced herein are attached to the accompanying Transmittal Declaration of Jesse L. Noa.

> **motion, as a defence or otherwise at any such Suit**, any claim that
> such Loan Party is not subject to the jurisdiction of the above courts,
> that such Suit is brought in an inconvenient forum or that the venue
> of such Suit is improper.

Ex. 2, § 13(z) (emphasis added).

The General Security Agreements also contain a governing law provision stating that each Debtor irrevocably agrees that any suit or proceeding with respect to any matters arising out of the GSA may be brought in the courts of the Province of Alberta. *See* Ex. 3, § 19.

On or around June 13, 2022, ATB sent a letter (the "First Default Notice & Reservation of Rights Letter") to Borrower mCloud Technologies Services, providing notice that Borrower has committed various defaults under the Commitment Letter, including but not limited to, breaches of certain sections of the Commitment Letter, that the loan facility is payable in full on demand by ATB, and that ATB may terminate the availability thereof at any time.[2] *See* Ex. 4.  However, Borrower failed to cure the initial defaults and deficiencies within the applicable cure period.  As a result, on June 29, 2022, ATB sent a second default notice.  *See* Ex. 5.

Following the delivery of the second default notice, ATB and mCloud Technologies Services engaged in negotiations concerning the curing of the initial defaults and subsequent defaults.  While mCloud Technologies Services continued to experience financial challenges, inadequate cash flow and liquidity, and an inability to operate within the margining requirements under the Commitment Letter, to provide it with additional time to address the defaults and repayment of the Credit Facility, ATB and Debtors entered into the First Commitment Letter Amending Agreement on March 28, 2023 (the "First Amending Agreement").  *See* Ex. 6.

---

[2] This background information, while not necessary to resolve this Motion, is provided only to contextualize the relevant loan agreements and documents at issue.

Pursuant to Article 2 of the First Amending Agreement, the Credit Facility was converted from a revolving demand facility to a fully drawn, non-revolving demand facility, with a fixed maturity date of May 31, 2023. Section 10.6 of the amendment provides:

> This First Amending Agreement shall be governed by, and construed in accordance with, the laws of the Province of Alberta and the laws of Canada applicable therein but the reference to such laws shall not, by conflict of laws rules or otherwise, require the application of the law of any jurisdiction other than the Province of Alberta. **Each party hereto irrevocably attorns to the jurisdiction of the Courts of the Province of Alberta.**

Ex. 6, § 10.6 (emphasis added). Even after the First Amending Agreement, mCloud Technologies Services failed to repay the debt by the May 31, 2023 deadline and did not adhere to other critical terms outlined in the agreement.

However, ATB continued to engage with Plaintiffs to find a reasonable commercial resolution to mCloud Technologies Services' defaults and deteriorating financial situation. As a result of the discussions, on May 31, 2023, ATB and Debtors entered into a Second Commitment Letter Amending Agreement ("Second Amending Agreement"). Ex. 7. That amendment again provided that "[e]ach party hereto **irrevocably attorns to the jurisdiction of the Courts of the Province of Alberta.**" *Id.* § 9.6 (emphasis added).

Once again, mCloud Technologies Services continued to commit defaults under the Commitment Letters, leading to ATB to deliver a Notice and Demand Letter dated June 27, 2023, to Borrower ("Demand Letter"). *See* Ex. 8. Following the delivery of the Demand Letter, at mCloud Technologies Services' request, ATB continued discussions concerning a potential resolution. As a result, the parties entered into the Forbearance Agreement, dated and effective August 23, 2023, between ATB and Debtors. Ex. 9. The Forbearance Agreement, like the Commitment Letters, provided for exclusive jurisdiction in the Courts of the Province of Alberta,

stating that "[e]ach party hereto **irrevocably attorns to the jurisdiction of the Courts of the Province of Alberta**." *Id.* § 11.10 (emphasis added).  Despite these efforts, mCloud Technologies Services continued to commit numerous forbearance defaults.  To resolve the uncured defaults, the Forbearance Agreement was amended to extend the forbearance period.  The First Forbearance Amending Agreement, entered and effective September 30, 2023, like all relevant agreements between ATB and Plaintiffs, provides, again, for exclusive jurisdiction in the Courts of the Province of Alberta for any disputes among the parties.  Ex. 10, § 8.7.

To date, the First Forbearance Amending Agreement period has expired and has not been extended.  Following the expiration of the First Forbearance Amending Agreement period, on or around February 14, 2024, ATB commenced the Alberta Action against the Borrower and Guarantors (including nGrain and all of the Plaintiffs).  Ex. 11.  The Alberta Action relates to the loan, security, and forbearance agreements and the enforcement of ATB's security interests and seeks relief in relation to the defaults committed by the Debtors (including the Plaintiffs). This also includes the judgment in relation to the secured debt, the appointment of a receiver over specific secured collateral, various declarations concerning the parties' defaults and enforceability of the security, and other related relief.  *Id.*

Furthermore, ATB expressed valid and serious concerns regarding the protection and preservation of the property of nGrain, and therefore, successfully petitioned the Court of King's Bench of Alberta ("Court of Alberta"), among other relief, for an order appointing Ernst & Young Inc. as receiver and manager of nGrain's present and after-acquired properties, assets, and undertaking on February 22, 2024.  Ex. 12; *see also* Compl. ¶ 34.  Upon information and belief, nGrain is incorporated pursuant to the federal laws of Canada.

Following the receiver's appointment, the assets, undertakings, and properties of nGrain, any sale approvals are subject to the Receivership Proceedings and the oversight of the Court of Alberta. Ex. 12; Compl. ¶ 34. ATB's application seeking the Receivership Order was made on notice to, among others, Plaintiffs. Philip Decl. ¶ 20. The Receivership Proceedings remain ongoing and the Ernst & Young Inc., has not yet been discharged as receiver. *Id.*

## LEGAL STANDARD

Rule 12(b)(2) directs the court to dismiss a case when the court lacks personal jurisdiction over the defendant. Fed. R. Civ. P. 12(b)(2). Once a jurisdictional defense has been raised, the plaintiff bears the burden of establishing, with reasonable particularity, that sufficient contacts have occurred between the defendant and the forum to support jurisdiction. *See Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987). The plaintiff must make an affirmative showing by "actual proofs, not mere allegations" that the court may properly exercise personal jurisdiction. *Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 66-67, n.9 (3d Cir. 1984) ("[A]t no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of in personam jurisdiction.").

To withstand a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Eurofins Pharma US Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 158 (3d Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)) (internal quotations omitted). A complaint fails if "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679.

## ARGUMENT

**A. ATB Must be Dismissed Based on the Forum Selection Clause in the Relevant Loan and Forbearance Agreements.**

ATB must be dismissed because the parties have consented, numerous times, to the exclusive jurisdiction in the Province of Alberta, Canada, not Delaware for disputes relating to the Loan Agreements (herein defined) and related loan documents.

The Third Circuit follows the general rule that forum selection clauses are presumed to be valid unless the challenging party "clearly shows that enforcement would be unreasonable or unjust, or that the clause is invalid for such reasons such as fraud or overreaching. *Carlyle Inv. Mgmt. LLC v. Moonmouth Co.*, 779 F.3d 214, 218 (3d Cir. 2015) (quoting *Ingres Corp. v. CA, Inc.*, 8 A.3d 1143, 1146 (Del. 2010); *see also Affinia Grp. Inc. v. BPI Holdings Int'l, Inc.*, C.A. No. 9519-VCL (Del. Ch. Apr. 10, 2014) (TRANSCRIPT), at 37-38, attached as Exhibit 13 ("The [Delaware] Supreme Court has said these provisions are important. These provisions mean something. These provisions need to be specifically enforced so that parties can't disregard their own contractual commitments and so parties can't burden multiple judicial systems with disputes contrary to their agreements to have a dispute decided in one place."). Thus, a lawsuit filed in the incorrect forum in violation of a contractual forum selection clause between the parties is subject to dismissal in its entirety under Rule 12. *Crescent Int'l, Inc. v. Avatar Communities, Inc.*, 857 F.2d 943, 944 (3d Cir. 1988) (affirming the district court's holding dismissing defendants pursuant to the forum selection clause); *see also Z.I. Pompey Industrie v. ECU-Line N.V.,* 2003 SCC 27 (CanLII) (under Canadian law, party seeking to bring an action outside of the selected jurisdiction must show strong reasons why the court should not enforce the forum selection clause) (Ex. 18).

ATB and Plaintiffs entered into various loan agreements, general security agreements, and forbearance agreements. *See* Exs. 2-3, 6-7 (collectively "the Loan Agreements"), Exs. 9-10

(collectively the "Forbearance Agreements"). The Loan Agreements made between Defendant/Lender ATB and Plaintiffs/Borrower mCloud Services Technologies and the Guarantors, *all* contain valid, exclusive forum selection clauses, stating that the parties attorns to the jurisdiction of the Courts of the Province of Alberta. *E.g.*, Ex. 3, § 19; Ex. 6 § 10.6, Ex. 7, § 9.6. Similarly, the Forbearance Agreements made between ATB and Plaintiffs contain valid, exclusive forum selection clauses, stating "[e]ach party hereto irrevocably attorns to the jurisdiction of the Courts of the Province of Alberta." Ex. 9, § 11.10; Ex. 10, § 8.7. The language in the Loan Agreements and related loan documents unambiguously require any dispute among the parties to be resolved in Alberta, Canada. *See Instrumentation Assocs., Inc. v. Madsen Elecs. (Canada) Ltd.*, 859 F.2d 4, 9 (3d Cir. 1988) (dismissing claims given the parties' choice of Canadian forum to settle their disputes in connection with the contract at issue).

Plaintiffs allege multiple causes of action against ATB, including breach of contract relating to the "loan agreements and related loan documents," and breach of the implied covenant of good faith and fair dealing. Compl. ¶¶ 39, 46. Although only one of Plaintiffs' claims is based on a breach of contract theory, all of them involve allegations arising out of and implicating the terms of the various Loan Agreements. *See Crescent*, 857 F.2d at 944 ("[A]lternate non-contractual theories is not alone enough to avoid a forum selection clause if the claims asserted arise out of the contractual relation and implicate the contract's terms."). Indeed, the entirety of the parties' relationship arises solely from those agreements. The same principle articulated in *Crescent*, applies here. The Loan Agreements and Forbearance Agreements' forum selection clauses should be given full effect, and this case should be dismissed against ATB.

Furthermore, Plaintiffs cannot argue that the forum selection clause is the product of overreaching or fraud as the Complaint makes no allegations of such. Indeed, the Complaint

concedes that "the loan agreements and related loan documents are binding agreements supported by valid, mutual consideration." Compl. ¶ 39. This Court should enforce the forum selection clauses found in the Loan and Forbearance Agreements and dismiss ATB from this action.

**B. There Is No Personal Jurisdiction Over ATB.**

This dispute has no connection to Delaware. ATB is a Crown corporation, wholly owned by the Government of the Province of Alberta and established pursuant to an act of the Legislature of Alberta. Philip Decl. ¶ 5. ATB is headquartered and incorporated in Alberta, Canada. *Id*. All acts giving rise to the parties' relationship occurred outside of Delaware. *Id*. ¶¶ 16-20. Moreover, ATB has no business or contacts with Delaware generally or relating to this dispute. *Id*. ¶¶ 5-15. Every Plaintiff, but one, is incorporated and headquartered in Canada. Compl. ¶¶ 2-3.[3] The sole Delaware entity, mCloud USA, appears to share Canadian headquarters with the remaining Plaintiffs. *See* Intercreditor Agreement, Schedule C, attached as Exhibit 14. Thus, Plaintiffs cannot establish personal jurisdiction over ATB, warranting dismissal on that basis alone.

To determine whether personal jurisdiction exists, Delaware courts engage in a two-step analysis. *Telcordia Techs., Inc. v. Alcatel S.A*., C.A. No. 4-874, 2005 WL 1268061, at *1 (D. Del. May 27, 2005). First, the Court must determine if jurisdiction is authorized by the long-arm statute of the state in which the court sits. *Id.* Second, even if jurisdiction is proper under the long-arm statute, the court must determine whether the exercise of jurisdiction comports with federal due process where the defendant has sufficient minimum contacts with the forum such that the exercise of jurisdiction would not violate traditional notions of fair play and substantial justice. *Id.* (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

***First***, Plaintiffs have not met, and cannot meet, their burden to establish that jurisdiction

---

[3] As a result, and because of ATB's status as a Crown Corporation, rather than a citizen of a state in the United States, calls into question Plaintiffs' claims of diversity jurisdiction as well.

over ATB is proper under the Delaware long-arm statute, 10 *Del. C.* § 3104(c). When the defendant is a nonresident, the pertinent part of the Delaware long-arm statute provides that a court may exercise personal jurisdiction over a nonresident who:

> (1) Transacts any business or performs any character of work or service in the State; (2) Contracts to supply services or things in this State; (3) Causes tortious injury in the State by an act or omission in this State; [or] (4) Causes tortious injury in the State or outside of the State by an act or omission outside the State if the person regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State;

10 *Del. C.* § 3104(c). The Complaint makes no such allegations, nor does the Complaint allege a single fact that would provide for jurisdiction over ATB under the long-arm statute. *Kee v. Blue Line Distrib., Inc.*, 587 F. Supp. 2d 636, 640 (D. Del. 2008) (dismissing defendant for lack of personal jurisdiction where plaintiff has not alleged any facts to establish general jurisdiction). Indeed, the only reference to any Delaware connection at all is that one of the Plaintiffs, mCloud USA, purports to be incorporated in Delaware. Compl. ¶ 1. The lack of any relevant allegation connecting anything to Delaware is unsurprising because this dispute has nothing to do with Delaware or even the United States. Instead, Plaintiffs' sole basis for venue in Delaware is a single sentence that venue is purportedly proper because mCloud USA is incorporated in Delaware. Compl. ¶ 7.

This is insufficient. Rather, as the attached Declaration of Ian Mark Philip conclusively demonstrates, this Court has neither general nor specific personal jurisdiction over ATB. ATB is a government-owned, Crown corporation, established under provincial legislation, with its principal place of business ***in Alberta, Canada***. Philip Decl. ¶ 5; Ex. 1. ATB does not do business or provided services within the State. Philip Decl. ¶¶ 5-15. The underlying transactions giving rise to the dispute did not occur in Delaware, were not negotiated in Delaware, nor did any act or

event complained of occur in Delaware.  *Id.* ¶¶ 16-19.  Neither does ATB conduct or solicit business in Delaware nor derive substantial revenue from services used in the state.  *Id*. ¶ 13.  Thus, there are no relevant Delaware connections sufficient to establish personal jurisdiction under the long-arm statute or otherwise.  *See EBP Lifestyle Brands Holdings, Inc. v. Boulbain*, 2017 WL 3328363, at *7-8 (Del. Ch. Aug. 4, 2017) (no personal jurisdiction over former officer of plaintiff in Delaware in a non-compete case where former officer worked in California and had no contacts with Delaware beyond holding shares of a Delaware company).

***Second***, litigating the asserted claims against ATB in Delaware does not meet the fairness standard under the due process analysis.  "The minimum contacts' requirement of due process demands substantial activity within Delaware, not aggregated contacts with the nation as a whole." *Outokumpu Eng'g Enters., Inc. v. Kvaerner EnviroPower, Inc*., 685 A.2d 724, 731 (Del. Super. 1996).  "[P]urposeful availment" requires a plaintiff to demonstrate defendant engaged in "deliberate, 'significant activities.'"  *Id*. (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475-76 (1985)).  Factors the courts examine include the burden on the defendant by having to litigate in a foreign forum, the plaintiff's interest in obtaining relief, and the forum state's interest in providing redress.  *Asahi Metal Indus. Co. v. Super. Ct. of Cal.*, 480 U.S. 102, 113 (1987).

As demonstrated above, ATB could not have reasonably anticipated being sued in Delaware.  ATB is formed and organized under an act of the provincial Legislature of the Province of Alberta, and ATB is an agent of the Crown in right of Alberta.  Philip Decl. ¶ 5; Ex. 1.  ATB has a regular and persistent physical presence in Canada, not Delaware.  Philip Decl. ¶ 15.  The parties' relationship giving rise to the dispute occurred in Canada, are governed by Alberta law, and disputes are to be decided in Alberta.  Subjecting a foreign legislative entity such as ATB to the forum would unduly burden ATB whose business activities are not directed at the State of

Delaware. Furthermore, the Complaint is completely devoid of allegations of any conduct taking place or relating to Delaware, much less deliberate or significant activities. *Phunware, Inc. v. Excelmind Grp. Ltd.*, 117 F. Supp. 3d 613, 631 (D. Del. 2015); *Outokumpu*, 685 A.2d at 731. Accordingly, this Court's exercise of personal jurisdiction over ATB is at odds with the due process clause of the Constitution, and the Complaint against ATB must be dismissed.

## C. The Action Should be Dismissed Under the Doctrine of *Forum Non Conveniens*

Plaintiffs' breach of the relevant forum selection clauses and the lack of personal jurisdiction end the inquiry and the Court need go no further. But there are additionally bases to dismiss this proceeding. The claims against ATB should be also dismissed based on *forum non conveniens* ("FNC") as Plaintiffs' claims have no factual or legal nexus to the United States, and certainly no relations to Delaware. This is a Canadian action, involving Canadian entities and individuals, concerning various Loan Agreements, all governed and regulated by Canadian law, and the sale of the assets of nGrain, a Canadian corporation.

The nGrain transaction referred to in the Complaint was directly at issue in the Canadian Receivership Proceedings and formed part of the factual basis for the appointment of the receiver. *See* Ex. 12. ATB's application for appointment of a receiver over nGrain was made on notice to, among others, nGrain, each of the Plaintiffs (who are each named defendants in the Receivership Proceedings), and their Canadian counsel. nGrain's assets, properties and undertakings remain subject to the ongoing Receivership Proceedings and any sale in relation to same is and has been, since February 22, 2024, subject to the oversight of the Court of Alberta. Philip Decl. ¶ 20; Ex. 12.

District courts have discretion to dismiss an action on the ground that a court abroad is the more appropriate and convenient forum to adjudicate a matter. *Path to Riches, LLC on behalf of M.M.T. Diagnostics (2014), Ltd. v. CardioLync, Inc*., 290 F. Supp. 3d 280, 285 (D. Del. 2018). To decide whether FNC is appropriate, district courts engage in a three step analysis: (1) whether an

13

adequate alternate forum exists; (2) the appropriate amount of deference to accord plaintiff's choice of forum; and (3) the relevant public and private interest factors to determine if trial in the chosen forum would result in oppression or vexation to the defendant out of all proportion to the plaintiff's convenience. *Eurofins*, 623 F.3d at 160. Moreover, when parties have a contract that contains a valid forum selection clause, that should be given controlling weight. *Brit. Telecommunications PLC v. Fortinet Inc.*, 424 F. Supp. 3d 362, 367 (D. Del. 2019).

### 1. Canada is an adequate alternate forum and comity warrants dismissal.

It is evident from the related Loan and Forbearance Agreements that there is an adequate, more convenient, more relevant forum—and an agreed upon forum—available to litigate this dispute. ATB is a Crown corporation, incorporated pursuant to Alberta legislation, with its principal place of business in Canada, and therefore is amenable to Canadian jurisdiction. *See* Compl. ¶ 4; *see Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 255 (1981) (whether there exists an alternative forum, "[o]rdinarily, this requirement will be satisfied when the defendant is 'amenable to process' in the other jurisdiction."); *Eurofins*, 623 F.3d at 160-61 (France is an adequate forum because defendants were amenable to service). Moreover, all other parties, including every Plaintiff except mCloud USA, are Canadian entities headquartered in Canada. All of the Plaintiffs, including mCloud USA, are currently defendants in the Alberta Action, and nGrain is subject to the Receivership Proceedings. Philip Decl. ¶¶ 19- 20.

As Canada is a proper alternative forum, Plaintiffs must produce "significant evidence" demonstrating that the remedy offered by Canada is "clearly unsatisfactory." *Reyno*, 454 U.S. at 254 n.22. Plaintiffs cannot satisfy this burden as Canada has an adequate legal system capable of adjudicating Plaintiffs' claims. Furthermore, the crux of the Complaint centers on the divestiture and proposed sale of nGrain, a Canadian corporation. *See* Compl. ¶¶ 14-37.

Not only is Canada an appropriate forum to adjudicate Plaintiffs' claims, but it is also

currently adjudicating the proposed sale of nGrain, as evidenced by the Court of Alberta placing nGrain into receivership on February 22, 2024, and the Alberta Action, which itself should be deemed first-filed (another reason mandating dismissal).  *See* Exs. 11-12; Philip Decl. ¶¶ 19-20. The Third Circuit has stated that "[c]omity should be withheld only when its acceptance would be contrary or prejudicial to the interest of the nation called upon to give it effect. *Phila. Gear Corp. v. Phila. Gear de Mex., S.A.*, 44 F.3d 187, 191 (3d Cir. 1994).  Courts in the Third Circuit have dismissed cases solely based on comity.  *See Paraschos v. YBM Magnex Int'l, Inc.*, 130 F. Supp. 2d 642, 647 (E.D. Pa. 2000) (In discussing the Canadian interest of this case, including related ancillary bankruptcy proceedings and related Canadian court-appointed receiver, the court dismissed the action in deference to Canadian law and the Canadian courts on the basis of international comity).  The Court of Alberta is not only a court of competent jurisdiction equipped to adjudicate Plaintiffs' claims against ATB in this action, but deference based on comity should be accorded to the Court of Alberta considering the Receivership Proceedings and Alberta Action. Thus, Canada is an adequate forum, and this factor weighs in favor of dismissing ATB.

### 2. Plaintiffs' choice of forum deserves no deference.

Plaintiffs' choice of forum deserves no deference because all but one of the parties are Canadian and, as detailed above, it violates the relevant forum selection clauses.  Although there is a presumption in favor of a plaintiff's forum choice, this presumption "applies with less force when the plaintiff or real parties in interest are foreign."  *Reyno*, 454 U.S. at 236.  Furthermore, a particularly low degree of deference is warranted when the defendant is not from the home forum, relevant evidence is not in Delaware, and the events did not occur in Delaware, as is the case here. *See Windt v. Qwest Commc'ns Int'l, Inc.*, 529 F.3d 183, 191 (3d Cir. 2008) (affirming the district court's decision to give low deference to the chosen forum because there was "no indication that the evidence [was] concentrated in New Jersey, nor [was] there an indication that a substantial

amount of conduct giving rise to the instant dispute occurred in New Jersey"). All the facts giving rise to the Complaint occurred in Canada, and only one of the parties has any connection to Delaware. *See* Philip Decl. ¶¶ 15-20. Further, the locus of Plaintiffs' claims implicates Canadian law, and every party but one is located in Canada. Therefore, the Court should give little to no deference to Plaintiffs' forum choice.

### 3. The Private and Public Interest Factors Dictate that Canada is the More Appropriate Forum.

All the relevant private and public interest factors weigh sharply in favor of dismissal of this case in favor of Canada.

The private interest factors the courts consider include "the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses . . . and all other practical problems that make trial of a case, easy, expeditious and inexpensive." *PATS Aircraft, LLC v. Vedder Munich GmbH*, 197 F. Supp. 3d 663, 676 (D. Del. 2016) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S. Ct. 839, 91 L. Ed. 1055 (1947)). The public interest factors include "the administrative difficulties flowing from court congestion; the 'local interest in having localized controversies decided at home'; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty." *Reyno*, 454 U.S. at 241 n.6 (quoting *Gilbert*, 330 U.S. at 509).

In this case, relevant documents and potential witnesses are located in Canada. Philip Decl. ¶ 21; *Bell Helicopter Textron, Inc. v. C & C Helicopter Sales, Inc.*, 295 F. Supp. 2d 400, 411 (D. Del. 2002) (finding the private and public interest factors weigh in favor of Canada because sources of proof are located in Canada, conflicts of law would arise if resolved in Delaware, and it would

be less expensive to obtain testimony of the willing witness in Canada). Most, if not all, of the Canadian witnesses cannot be compelled to travel to Delaware for deposition or trial. *See* Fed. R. Civ. P. 45. For example, ATB's directors and officers are located in Canada, and no relevant employees and witnesses are located in Delaware. Philip Decl. ¶ 21. Furthermore, the allegations in the Complaint all relate to the divestiture and proposed sale of nGrain, a Canadian corporation currently in the Receivership Proceedings, and the Receiver is located in Canada. Philip Decl. ¶-20; Ex. 12. And the Loan and Forbearance Agreements are all governed by the laws of Canada, and resolving this dispute in Delaware would require this Court to "untangle problems in conflicts of laws, and in law foreign to itself." *Reyno,* 454 U.S at 251 (quoting *Gilbert,* 330 U.S. at 509).

Accordingly, because Canada is an adequate forum, ATB has already commenced the Alberta Action to address the very same nGrain transaction referred to in the Complaint, which was put before the Court of Alberta in the Receivership Proceedings, this Court should exercise its broad discretion to dismiss the case with prejudice based on *forum non conveniens.*

### D. The Complaint Should be Dismissed for Failure to State a Claim.[4]

#### 1. Count I - Plaintiffs do not identify a single agreement or provision that ATB breached.

To sufficiently set out a claim for breach of contract, plaintiff must plead facts plausibly showing: (1) the existence of a contract; (2) breach of an obligation imposed by that contract; and (3) resultant damage to it. *FinancialApps, LLC v. Envestnet, Inc.,* C.A. No. 19-1337-CFC-CJB, 2020 WL 4569466, at *2 (D. Del. July 30, 2020). "Courts applying Delaware law to breach of contract claims have dismissed claims that fail to identify the express contract provision that was

---

[4] For the purposes of this motion only, analysis of Plaintiffs' claims are similar under Alberta and Delaware law. *See, e.g.*, *Bhasin v. Hrynew*, 2014 SCC 71 (CanLII) (Ex. 15); *369413 Alberta Ltd. v. Pocklington*, 2000 ABCA 307 (CanLII) (Ex. 16); *Waxman v. Waxman*, 2004 CanLII 39040 (ON CA) (Ex. 17).

breached, and why such a provision was breached." *Id.* at *3.

Plaintiffs allege that ATB breached the "loan agreements by refusing consent to the proposed sale of nGrain" and "unreasonably with[held] its consent to the proposed sale." Compl. ¶ 40. Yet, Plaintiffs fail to identify the specific loan agreements at issue or the provisions that ATB breached. *FinancialApps*, 2020 WL 4569466, at *3 (dismissing breach of contract claim that fails to reference the section number of the agreement that allegedly breached). Instead, the Complaint makes vague references to "related loan documents" without citing a single provision breached. Because ATB is left to speculate about the specific loan agreements and contractual provisions at issue, Plaintiffs' breach of contract must be dismissed.

### 2.  Count II - Plaintiffs do not identify a specific implied contractual obligation that ATB breached.

Similar to Plaintiffs' deficient breach of contract claim, the breach of implied covenant claim against ATB must be dismissed because Plaintiffs fail to identify a specific implied contractual obligation that ATB allegedly breached.

"To successfully plead a breach of an implied covenant of good faith and fair dealing, the plaintiff must allege a specific implied contractual obligation, a breach of that obligation by the defendant, and resulting damage to the plaintiff." *Reklam v. Bellator Sport Worldwide LLC*, C.A. No. 16-285-JFB-SRF, 2017 WL 5172397, at *5 (D. Del. Nov. 8, 2017). "The implied covenant, however, 'only applies where a contract lacks specific language governing an issue and the obligation the court is asked to imply advances, and does not contradict, the purposes reflected in the express language of the contract.'" *Haney v. Blackhawk Network Holdings, Inc.*, 2016 WL 769595, at *8 (Del. Ch. Feb. 26, 2016) (citations omitted). Where the contract specifically addresses the issue complained of, the contract terms control and the implied covenant of good faith and fair dealing cannot be used to circumvent the parties' bargained for exchange. *Id.*

The Complaint vaguely alleges that the "lending agreements contained an implied covenant of good faith and fair dealing" and by "unreasonably withholding consent" to the Transaction between Plaintiffs and non-party Mr. Young, this "deprived Plaintiffs of the benefits of the agreements[.]" Compl. ¶¶ 45-51.[5]  These conclusory allegations are themselves improperly pled and fail to satisfy the "narrow purpose" of the doctrine nor meet the requirement that Plaintiffs must allege a breach of a specific implied contractual provision. *Stewart v. BF Bolthouse Holdco, LLC*, 2013 WL 5210220, at *16 (Del. Ch. Aug. 30, 2013) (holding that a complaint failed to state a claim for breach of the implied covenant because, among other things, "Plaintiffs have not alleged a specific implied contractual obligation that was violated").  Instead, Plaintiffs merely restate elements of a claim without out sufficiently pleading facts.  Because Plaintiffs fail to identify a specific implied contractual obligation that was breached, Count II must be dismissed.

Furthermore, the Court should dismiss Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing because it is duplicative of the breach of contract claim as both claims rely on the same factual basis—that ATB allegedly unreasonably withheld consent to the nGrain transaction. Compl. ¶ 45-51; *Sapp v. Indus. Action Servs., LLC*, C.A. No. 19-912-RGA, 2024 WL 3444633, at *5 (D. Del. July 17, 2024) (dismissing breach of the implied covenant of good faith and fair dealing where plaintiffs' claims are based on the contract terms at issue).

### 3.  Count III - Plaintiffs cannot state a claim for tortious interference.

Although Plaintiffs do not specify whether their tortious interference claim is based on contractual or prospective business relations, both claims fail as a matter of law because Plaintiffs do not allege any wrongful conduct by ATB, nor do they sufficiently plead lack of justification.

To state a claim for tortious interference, a plaintiff must allege: "(1) a contract, (2) about

---

[5] Moreover, Plaintiffs improperly group Defendants—two separate entities under separate contracts—without detailing specific conduct by either Defendant. *See, e.g.*, *id.* ¶¶ 20, 23-25, 32.

which defendant knew and (3) an intentional act that is a significant factor in causing the breach of such contract (4) without justification (5) which causes injury." *Hemostemix Inc. v. Accudata Sols., Inc.*, C.A. No. 20-881-RGA, 2022 WL 609106, at *2 (D. Del. Feb. 28, 2022). To state a claim for tortious interference with prospective business relations, the plaintiff must allege "wrongful" conduct. *Automated Precision, Inc. v. Pare*, 631 F. Supp. 3d 185, 201 (D. Del. 2022).

*First*, Plaintiffs cannot state a claim for tortious interference when ATB's only alleged "wrong" was a breach of contract with Plaintiffs. Although the specific "loan agreements" are unclear, Plaintiffs' claims are solely based on ATB's alleged breach of these agreements. *See Automated Precision,* 631 F. Supp. 3d at 201 ("In other words, a plaintiff cannot recover for tortious interference with prospective business relations if the defendant's only alleged "wrong" was breach of the defendant's contract with the plaintiff."). Plaintiffs do not allege a breach of any duty independent of the duties imposed by these supposed loan agreements. Because Plaintiffs have failed to allege that ATB's purported interference exceeded its obligations under the Loan Agreements, Plaintiffs have failed to state a claim for tortious interference.

*Second*, Plaintiffs insufficiently pleads lack of justification. Again, the Complaint alleges that "under the loan agreements" ATB "unreasonably" withheld consent concerning the Transaction between Plaintiffs and non-party, Mr. Young, and that this caused injury to Plaintiffs. Compl. ¶¶ 52-59. However, tortious inference requires that interference be without justification. *Hemostemix*, 2022 WL 609106, at *2 (plaintiff has pled "no facts that can support the element of lack of justification"). Alleging conclusory claims that ATB "unreasonably" withheld consent is not enough to state a claim for tortious interference. Therefore, Plaintiffs' tortious interference claim against ATB must be dismissed.

## **CONCLUSION**

Defendant ATB respectfully requests that this Court grant its Motion to Dismiss.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

By:  */s/ Jesse L. Noa*
      Jesse L. Noa (#5973)
      Malisa C. Dang (#7187)
      Hercules Plaza, 6th Floor
      1313 N. Market Street
      Wilmington, DE  19801
      Tel:  (302) 984-6000
      jnoa@potteranderson.com
      mdang@potteranderson.com

Dated:  August 22, 2025          *Attorneys for Defendant ATB Financial*