# EXHIBIT A



Toronto-Dominion Centre
100 Wellington Street West
Suite 3200, P.O. Box 329
Toronto, ON Canada M5K 1K7
T 416.304.1616  F 416.304.1313

Puya Fesharaki
T: 416-304-7979
E: pfesharaki@tgf.ca
File No. 2267-001

August 19, 2025

**Blue Rock Law LLP**
700, 215 - 9th Avenue SW
Calgary, AB  T2P 1K3

**Attention: Hon. Doug Schweitzer**

**DS Avocats**
Suite 800 Dome Tower, 333 7th Avenue
S.W., Calgary, Alberta T2P 2Z1

**Attention: Adrian Harvey**

Dear Counsel:

**Re:    Letter of Intent dated August 8, 2025**

As you know, we act for Fiera Private Debt Fund VI LP (the "**Lender**") in connection with the credit facilities provided by the Lender to mCloud Technologies Services Inc. (the "**Company**") and certain affiliates, pursuant to that certain loan agreement dated August 7, 2019, as amended from time to time (the "**Loan Agreement**").

Our client provided us with your client's email dated August 11, 2025, enclosing a letter of intent dated August 8, 2025 (the "**LOI**"), requesting the Lender's consent to the transaction contemplated thereby.

Given that the Company is not operating, our client is encouraged by management's ongoing efforts to realize on the Company's assets, including for the benefit of secured lenders. Our client is open to supporting a transaction that maximizes recoveries for stakeholders. Given that mCloudTech.AI. Corp. (the "**Purchaser**") is a related party, the Lender is concerned about whether the LOI transaction does in-fact maximize the value of the Company's assets. To assess whether the LOI achieves this objective, we require your prompt and detailed responses to the following:

*Questions Relating to LOI provisions*

1. How was the value of the purchased assets (the "**Purchase Price**") set out in the schedule determined?

2. Given that the Purchaser is a related party, please provide copies of the Purchaser's most recent financial statements to contextualize the Purchase Price.

3. Your client's email references "previous potential agreements [that] failed to close because we were unable to secure the required lender releases under the existing lending



2.

terms." Our client has not been provided with such agreements. Please provide copies of same, together with a brief summary of pertinent details, including purchase price.

4. How does the Purchaser intend to utilize the assets it intends to purchase under the LOI, and what is the projected revenue that the Purchaser intends to derive from such use?

5. What is the position of the Receiver of nGrain Canada?

6. Please explain why the LOI is governed by Delaware law when (i) the Company and its principal subsidiaries are incorporated in Canada; (ii) the principal assets are situated in Canada and California, and not Delaware; (iii) the principal secured lenders are in Canada; (iv) the Loan agreement and all related security and other documents are governed by Canadian law; and (iv) the principal advisors, including yourselves, are in Canada. Each of these factors supports Canadian governing law.

*Questions Relating to Ongoing Delaware Proceedings*

As you know, the Company has sued the Lender's general partner in Delaware (the "**Delaware Claim**"), alleging that the Lender improperly withheld its consent to a transaction resulting in the loss of a supposed US$70 million transaction between the Company and a Saudi investor (the "**Investor**") pursuant to a memorandum of understanding (the "**MOU**").

The Delaware Claim is ongoing, and we note with concern that neither the LOI nor the cover email reference the Delaware Claim.

1. Our client was never provided the MOU. We again request a copy of the MOU.

2. Purchaser has a regional wholly-owned MISA registered company in the Kingdom of Saudi Arabia, and has operations in the Kingdom.[1] Do we understand correctly that the Company is suing the Lender for allegedly contributing to the failure of a transaction with the Investor, while at the same time requesting the Lender's consent to a transaction that will permit the Purchaser, a related party, to engage with the Investor, and that both such transactions relied on the same underlying assets?

3. Please provide a comparison of the alleged failed transaction under the MOU, and the existing and future relationship between the Purchaser and the parties to the MOU.

---

[1] Press Release: https://www.newsfilecorp.com/release/239610/mCloudTech.ai-Announces-Web3-Launch-in-Saudi-Arabia-Highlights-Digital-Leadership-in-Sustainability.

tgf.ca



3.

*Lender's Offer*

Notwithstanding anything else, to achieve a timely resolution to all outstanding matters, the Lender is prepared to provide its consent to the LOI and the transaction contemplated thereby on the terms set out in the confidential enclosure hereto, which offer is open for acceptance until **5:00pm on August 25, 2025**:

We look forward to receiving your response.

Yours truly,
**Thornton Grout Finnigan LLP**

Puya Fesharaki

*cc: James P. Flynn, Michael A. Brodlieb, U.S. counsel to Fiera*

tgf.ca

# EXHIBIT B

**From:** Puya Fesharaki <PFesharaki@tgf.ca>
**Sent:** August 25, 2025 8:56 AM
**To:** Doug Schweitzer <Doug.Schweitzer@bluerocklaw.com>
**Cc:** Leanne Williams <LWilliams@tgf.ca>; Michael A. Brodlieb <mbrodlieb@ebglaw.com>; James P. Flynn <jflynn@ebglaw.com>; Harvey, Adrian <aharvey@dsavocats.ca>
**Subject:** Re: Last Offer Received - Resolution Required

Hi Doug,

The below feedback from your client is not a sufficient response to the questions in our letter, most of which remain unanswered.

Moreover, and as you know, Fiera will derive no recovery or benefit from the LOI and the transaction contemplated thereby, as presented. Fiera's consent to such transaction is strictly conditional on a full and final release of Fiera by the mCloud group in form and substance satisfactory to Fiera, which shall include the discontinuance of the Delaware litigation.

Thank you,

Puya

Puya J. Fesharaki | PFesharaki@tgf.ca | Direct Line +1 416 304 7979 | www.tgf.ca

PRIVILEGED & CONFIDENTIAL - This electronic transmission is subject to solicitor-client privilege and contains confidential information intended only for the pe[rson] above. Any other distribution, copying or disclosure is strictly prohibited. If you have received this e-mail in error, please notify our office immediately by calli[ng] and delete this e-mail without forwarding it or making a copy.

**From:** Doug Schweitzer <Doug.Schweitzer@bluerocklaw.com>
**Sent:** Friday, August 22, 2025 2:41 PM
**To:** Puya Fesharaki <PFesharaki@tgf.ca>
**Cc:** Leanne Williams <LWilliams@tgf.ca>; Michael A. Brodlieb <mbrodlieb@ebglaw.com>; James P. Flynn <jflynn@ebglaw.com>; Harvey, Adrian <aharvey@dsavocats.ca>
**Subject:** RE: Last Offer Received - Resolution Required

Hi Puya,

2

Thank you for your message. I've forwarded it to the company and discussed it with the remaining Directors.

Regarding the Delaware-related matters you raised, please note that this is being handled by the company's counsel in the USA. We do not want to conflate the USA litigation with the proposed transaction. The litigation in the USA is a separate matter.

Concerning your questions about the asset sale transaction, here is the feedback from our client:

- The determined value for each detailed item represents the maximum feasible amount, derived from the buyer's ability to justify a return. None of these assets are central to their path forward; they are considered "nice to have."
- The offer expires on August 30th.


Regards,


Doug


### Hon. **Doug Schweitzer** E.C.A., K.C.

Partner, Blue Rock Law LLP.

**p:** 403.479.8178

**e:** doug.schweitzer@bluerocklaw.com

**a:** 700 - 215 9th Ave. S.W. Calgary, AB

**w:** www.bluerocklaw.com

---

**From:** Puya Fesharaki <PFesharaki@tgf.ca>
**Sent:** August 21, 2025 7:32 AM
**To:** Harvey, Adrian <aharvey@dsavocats.ca>; Doug Schweitzer <Doug.Schweitzer@bluerocklaw.com>
**Cc:** Leanne Williams <LWilliams@tgf.ca>; Michael A. Brodlieb <mbrodlieb@ebglaw.com>; James P. Flynn <jflynn@ebglaw.com>
**Subject:** Re: Last Offer Received - Resolution Required


Counsel: I am resending the letter and confidential settlement terms to correct a nit in the settlement terms. No other changes were made. The attached shall replace, in their entirety, the prior letter and terms.

Puya J. Fesharaki **|** PFesharaki@tgf.ca **|** Direct Line +1 416 304 7979 **|** www.tgf.ca

PRIVILEGED & CONFIDENTIAL - This electronic transmission is subject to solicitor-client privilege and contains confidential information intended only for the per above. Any other distribution, copying or disclosure is strictly prohibited. If you have received this e-mail in error, please notify our office immediately by callin and delete this e-mail without forwarding it or making a copy.

---

**From:** Puya Fesharaki <PFesharaki@tgf.ca>
**Sent:** Tuesday, August 19, 2025 7:43 PM
**To:** Harvey, Adrian <aharvey@dsavocats.ca>; Doug Schweitzer <doug.schweitzer@bluerocklaw.com>
**Cc:** Leanne Williams <LWilliams@tgf.ca>; Michael A. Brodlieb <mbrodlieb@ebglaw.com>; James P. Flynn <jflynn@ebglaw.com>
**Subject:** Re: Last Offer Received - Resolution Required

Counsel:

Please see attached correspondence in response to the email below.

Best regards,

Puya

---

Puya J. Fesharaki **|** **|** PFesharaki@tgf.ca **|** Direct Line +1 416 304 7979 **|** **|** **|** Suite 3200, TD West Tower, 100 Wellington Street West, P.O. Box 329, Toronto-Dominion Centre, Toronto, Ontario M5K 1K7 **|** 416-304-1616 **|** Fax: 416-304-1313 **|** www.tgf.ca

PRIVILEGED & CONFIDENTIAL - This electronic transmission is subject to solicitor-client privilege and contains confidential information intended only for the person(s) named above. Any other distribution, copying or disclosure is strictly prohibited. If you have received this e-mail in error, please notify our office immediately by calling (416) 304-1616 and delete this e-mail without forwarding it or making a copy. To Unsubscribe/Opt-Out of any electronic communication with Thornton Grout Finnigan, you can do so by clicking the following link: Unsubscribe

**From:** russmcmeekin@mcloudcorp.com <russmcmeekin@mcloudcorp.com>
**Sent:** Monday, August 11, 2025 1:46 PM
**To:** vmalcolm@atb.com; Russell French <rfrench@fieracapital.com>; m.grady@amtruinvest.com
**Cc:** 'Adrian Harvey' <aharvey@dsavocats.ca>; 'Doug Schweitzer' <Doug.Schweitzer@bluerocklaw.com>;

4

tino.lanza@mcloudcorp.com; 'Stamatios Stamoulis' <stamoulis@swdelaw.com>; 'Anna Los' <anna.los@mcloudcorp.com>
**Subject:** Last Offer Received - Resolution Required

**Ce Courriel Provient d'un Expéditeur Non-Fiable. / This Email Is From an Untrusted Sender**

Vous n'avez pas préalablement communiqué avec cet expéditeur. / You have not previously corresponded with this sender.

 Report Suspicious 

Russell, Vern, and Mike,

This email is to provide a formal notice of a final offer for a subset of mCloud's assets. As you know, since March 29, 2023, Tino and I have worked with ATB, Maxim, and professionals hired by both Fierra and ATB to explore multiple strategic and asset sale alternatives. Unfortunately, previous potential agreements failed to close because we were unable to secure the required lender releases under the existing lending terms.

The attached document outlines a final offer. Please note the following key points:

Scope: The offer is for a specific subset of company assets, not for substantially all of them.

Status: All other offers we received, including those from earlier this year, have expired or been withdrawn. We don't expect any others.

Authority: Tino and I have the authority required to execute this transaction with consents but do not intend to invest much more effort on this as this has now been 28 months of effort.

Expiration: The attached offer's validity period is defined within the attached document.

We anticipate that some of the targeted assets may be held by nGrain Canada, which is currently in court receivership.

We recommend that counsel proceed to close this deal. Net funds from the sale (after legal expenses) can be positioned for release to the secured lenders upon our receipt of the corresponding security releases.

For full disclosure, Tino and I are parties to the entity making this offer. We have consulted with counsel to ensure this is managed through the best possible process in light of the current circumstances.

We await your response.

Regards,

Russ

The email you have received from Blue Rock Law LLP may be confidential and therefore protected by legal privilege. If you are not the intended recipient, disclosure, copying, distribution and use are prohibited; please advise us immediately and remove the email from your systems. To update your commercial electronic message preferences email info@bluerocklaw.com. Please see bluerocklaw.com for our Privacy Policy and Terms of Use.

The email you have received from Blue Rock Law LLP may be confidential and therefore protected by legal privilege. If you are not the intended recipient, disclosure, copying, distribution and use are prohibited; please advise us immediately and remove the email from your systems. To update your commercial electronic message preferences email info@bluerocklaw.com. Please see bluerocklaw.com for our Privacy Policy and Terms of Use.

# EXHIBIT C

McCarthy Tétrault LLP
Suite 4000
421-7th Avenue S.W.
Calgary AB  T2P 4K9
Canada
Tel:  403-260-3500
Fax:  403-260-3501

**Pantelis Kyriakakis**
Partner
Direct Line: 403-260-3536
Email: pkyriakakis@mccarthy.ca

*Assistant: Katie Hynne*
*Direct Line: 403-260-3560*
*Email: khynne@mccarthy.ca*

# mccarthy tetrault

August 28, 2025

**Via Email (doug.schweitzer@bluerocklaw.com and aharvey@dsavocats.ca)**

Blue Rock Law
700, 215 - 9th Avenue SW
Calgary AB  T2P 1K3

DS Lawyers
Suite 800 Dome Tower, 333 7th Avenue SW
Calgary, AB  T2P 2Z1

**Attention: Doug Schweitzer E.C.A., KC**      **Attention: Adrian Harvey**

Dear Sirs:

**Re:    Letter of Intent, dated August 8, 2025 (the "LOI"), between mCloud Technologies Corp. ("mCloud Technologies") and mCloudTech.AI Corp. ("mCloud AI")**

As you are aware, we are counsel to ATB Financial ("**ATB**") in connection with the secured credit facilities granted, by ATB, to mCloud Technologies Services Inc. (the "**Borrower**") *et al*. We write to you in your capacity as counsel to mCloud Technologies.  ATB has no current loan or security documents, or contractual relationship with mCloud AI.

We write further to the email, dated August 11, 2025 (the "**August 11 Email**"), sent by Mr. Russ McMeekin, enclosing a copy of the LOI.

Reference is also made to: (i) the Receivership Order (the "**Receivership Order**"), pronounced by the Honourable Justice Hollins on February 22, 2024, in the Court of King's Bench of Alberta, Court File Number 2401-02224 (the "**Receivership Proceedings**"); and, (ii) the Affidavit of Ian Philip, sworn on February 13, 2024 (the "**Philip Affidavit**").  A copy of the Receivership Order is enclosed, for convenience.

As you are aware, nGrain (Canada) Corporation ("**nGrain**") is and remains subject to the ongoing Receivership Proceedings. Pursuant to the Receivership Order, Ernst & Young Inc. was appointed as the receiver and manager (the "**Receiver**") of all of nGrain's current and future assets, undertakings, and properties, of every nature and kind (collectively, the "**nGrain Property**"). The Receivership Order confirms that the Receiver has the exclusive authority to take possession of, market, and sell, the nGrain Property.  As detailed in the Philip Affidavit, the matter of the proposed sale of nGrain's shares, to a previous employee of nGrain, in February 2024, constituted, in part, the basis upon which ATB sought and obtained the Receivership Order.

Since the granting of the Receivership Order, we are advised that ATB has not received any further reporting from the Borrower or mCloud Technologies; including, any correspondence concerning any potential sales, offers of interests, or any corresponding requests for ATB's consent; other than the LOI.

174791/566940
MT MTDOCS 62044838v11

We understand that the LOI is a non-binding term sheet, between related parties (being mCloud Technologies, as vendor, and mCloud AI, as purchaser), which has an exclusivity and due diligence period, expiring on August 31, 2025.

ATB remains open to discussing any potential transaction(s) which will maximise recoveries for creditors and stakeholders. However, the LOI, as currently presented: (i) is a non-binding term sheet, between related parties; (ii) remains subject to ongoing due diligence; (iii) is missing material terms, conditions, and details, which will presumably be set out in the definitive agreement(s); (iv) sets out a number of "Assets" (as set out and defined in the LOI) which are and remain subject to the Receivership Order; and, (v) provides no details or information concerning the proposed distribution of proceeds or who the affected creditors and stakeholders are, under the transaction contemplated by the LOI, or the effects on same. Furthermore, while the LOI contemplates a related party transaction, ATB has not been provided any information concerning the underlying marketing and sales efforts with respect the "Assets".

Based on the aforementioned, in order for ATB to properly consider its position with respect to the transaction contemplated under the LOI, ATB requires further information and clarification, to better understand the contemplated transaction and its effect on operations, stakeholders, and ATB. Specifically, ATB kindly requests the following additional information and clarifications:

1. The LOI remains subject to mCloud AI's ongoing due diligence. Please advise if mCloud AI has completed its due diligence and the results of same.

2. The LOI is a non-binding term sheet and contemplates a definitive Purchase Agreement (as contemplated and defined in the LOI). Please advise if the parties have entered into discussions concerning any binding Purchase Agreement. Furthermore, if such agreement exists, please provide a copy of same for ATB's review.

3. Please confirm if mCloud Technologies has any current or ongoing operations and, if so, what effect the sale of the Assets will have on same.

4. As mCloud Technologies was a publicly traded issuer, on the TSXV, and the LOI contemplates a transaction between related parties, please advise as to the applicable due diligence, corporate authorizations, and governance measures and approvals that mCloud Technologies' board, directors, and officers, have taken in connection with their approval of the LOI and the transaction contemplated therein.

5. Please provide further information as to the potential value and ongoing operations associated with the various contract(s) and agreement(s) (such as those of nGrain (US) Corp.) which comprise a portion of the Assets subject to the LOI and the relevant counterparties to such contracts.

6. The LOI contemplates what appears to be an asset sale, between mCloud Technologies, as vendor, and mCloud AI, as purchaser. If this is incorrect, please advise. If correct, the majority of the Assets appear to be owned by other related entities; such as nGrain. As a result, ATB kindly requests further information as to how the proposed asset sale and Purchase Agreement will be implemented to include Assets owned by parties not subject to the current LOI and/or are subject to the Receivership Proceedings.

7. The Assets subject to the LOI appear to include certain nGrain Property. As you are aware, the nGrain Property remains subject to the ongoing Receivership Proceedings and

the Jurisdiction of the Alberta Court of King's Bench. Please confirm if the LOI has been presented to the Receiver and, if so, the Receiver's corresponding position regarding same.

8. The LOI contemplates a sale between related parties; as opposed to an arm's length transaction. Based on the August 11 Email, we understand that the LOI represents 28 months of effort. To better understand if the highest value is being obtained for the Assets (particularly as the LOI contemplates a related party sale), ATB kindly requests further details concerning mCloud Technologies' marketing and sales efforts over the last 28 months or since the commenced of the Receivership Proceedings; particularly those concerning the Assets.

9. The August 11 Email states that "previous potential agreements failed to close because we were unable to secure lender releases under the existing lending terms". Please provide further details concerning any such referenced "previous potential agreements". As noted above, ATB is not aware of any such agreements or potential transactions.

10. The LOI contemplates a purchase price of $177,500, please provide further details as to the methodology by which such purchase price has been both calculated and allocated to the various Assets.

11. The LOI requires that the Assets will be sold free and clear of all liens, security interests, and encumbrances. ATB is not aware of any application for a vesting order within the Receivership Proceedings. Please advise as to the proposed basis upon which mCloud Technologies intends to implement such arrangement, including with respect to any security interests, encumbrances, and charges (outside of ATB's), such as the charges granted under the Receivership Order and any other applicable encumbrances (including those of any governmental or tax authorities).

12. The August 11 Email states that "[n]et funds from the sale (after legal expenses) can be position for release to the secured lenders upon our receipt of the corresponding security releases". Please provide further details as to the allocation of such proceeds amongst the secured lenders and details concerning the various creditors and stakeholders with potential interests against or otherwise affecting the Assets and/or the entities which hold title to same; particularly any secured creditors or stakeholders with trust or priority claims (including governmental or tax authorities).

13. Please provide further details clarifying what is meant by "Net funds" as referred to in the August 11 Email, and in particular, whether any other deductions (beyond legal fees and any applicable taxes) are proposed to be withheld from the proceeds of the LOI.

14. The LOI contemplates that the mCloud Technologies and certain of its subsidiaries (collectively, the "**Company**") will grant a right of first refusal with respect to all of the Company's rights, title, and interests in all patents, trademarks, domains, contracts, third-party software licences, licence to products, and code remaining in the Company. Please provide a list of all such assets and interests that may be subject to the applicable right of first refusal, the estimated value of such assets, and any associated marketing and sale efforts concerning same.

We are also in receipt of an email delivered by the Borrower's Delaware counsel, to ATB's Delaware counsel, dated August 13, 2025 (the "**August 13 Email**"). The August 13 Email refers

to the fact that the LOI "is governed by Delaware law and subject to Delaware jurisdiction". This seems unusual, particularly considering that: (i) mCloud Technologies and its subsidiaries are incorporated in Canada; (ii) the Assets are situated in jurisdictions outside of Delaware; and, (iii) a large portion of the Assets are subject to the Receivership Proceedings, currently under the jurisdiction of the Alberta Court of King's Bench.

The LOI, between two related corporations, controlled by Mr. McMeekin, has been presented almost immediately following ATB raising concerns regarding the propriety of Delaware as a proper forum for the ongoing litigation between ATB, the Borrower, mCloud Technologies, and mCloud Technologies (USA) Inc., in the proceedings in the United States District Court for the District of Delaware, Case 1:25-cv-00692-UNA (the "**Delaware Litigation**").

ATB is not a party to the LOI and is thereby not bound by its terms. ATB has no business or operations in Delaware. All of ATB's loan, forbearance and security agreements and related documents are exclusively governed by Alberta law. As a result, ATB's business relationship with mCloud Technologies, the Borrower, and related subsidiaries and any related requests by mCloud Technologies for ATB's consent to any transactions, are and remain exclusively subject to and governed by Alberta law.

Nothing in this letter will or is intended to constitute an attornment to Delaware jurisdiction, or any admission that Delaware is the proper forum for any such dispute.

We look forward to your response and the provision of the information and clarifications requested herein, so that ATB can properly consider the LOI; on its merits.

Yours truly,

McCarthy Tétrault LLP

Pantelis Kyriakakis

PK/kh
Enclosure

cc:    Client