**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| MCLOUD TECHNOLOGIES (USA) INC., | ) | |
| MCLOUD TECHNOLOGIES SERVICES | ) | |
| INC., MCLOUD TECHNOLOGIES CORP., | ) | |
| | ) | C.A. No. 25-692-RGA |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ATB FINANCIAL and FIERA PRIVATE | ) | |
| DEBT FUND GP INC, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT ATB FINANCIAL'S REPLY BRIEF IN SUPPORT OF ITS**
**MOTION TO DISMISS THE AMENDED COMPLAINT**

POTTER ANDERSON & CORROON LLP
Jesse L. Noa (#5973)
Malisa C. Dang (#7187)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
jnoa@potteranderson.com
mdang@potteranderson.com

Dated: October 23, 2025          *Attorneys for Defendant ATB Financial*

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ......................................................................................................... 1

I.   THE FORUM SELECTION CLAUSES IN THE RELEVANT LOAN AGREEMENTS
     BAR PLAINTIFFS' TORTIOUS INTERFERENCE CLAIM........................................ 2

II.  THERE IS NO PERSONAL JURISIDICTION OVER ATB ........................................... 5

   A.   Plaintiffs fail to meet their burden to establish specific jurisdiction under the *Calder*
   "effects test."............................................................................................................. 6

   B.   The *Forum non conveniens* factors weigh in favor of dismissal in Delaware................ 8

   C.   Plaintiffs have not established jurisdictional discovery is warranted. ........................... 9

III. PLAINTIFFS HAVE NOT ADEQUATELY PLED TORTIOUS INTERFERENCE
     AGAINST ATB ........................................................................................................... 9

CONCLUSION............................................................................................................. 10

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*3G Licensing, S.A. v. Lenovo Grp. Ltd.*,
    C.A. No. 17-84-LPS, 2019 WL 3974539 (D. Del. Aug. 22, 2019) ..........................................9

*Ashall Homes Ltd. v. ROK Ent. Grp. Inc.*,
    992 A.2d 1239 (Del. Ch. 2010) ............................................................................................... 2-5

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ...................................................................................................................10

*Consol. Rail Corp. v. Providence & Worcester Co.*,
    540 F. Supp. 1210 (D. Del. 1982) ..............................................................................................5

*EBP Lifestyle Brands Holdings, Inc. v. Boulbain*,
    2017 WL 3328363 (Del. Ch. Aug. 4, 2017) ..............................................................................6

*IMO Industries, Inc. v. Kiekert AG*,
    155 F.3d 254 (3d Cir. 1998) ...................................................................................................6, 8

*Janmark, Inc. v. Reidy*,
    132 F. 3d 1200 (7th Cir. 1997) ..................................................................................................6

*Jaroslawicz v. M&T Bank Corporation*,
    C.A. No. 15-897-RGA, 2017 WL 1197716 (D. Del. Mar. 30, 2017) ........................................5

*Nexen Energy ULC v ITP SA*,
    2020 ABQB 83 at para 250 .........................................................................................................3

*Novatrax International Inc v Hägele Landtechnik GmbH*,
    2016 ONCA 771 .........................................................................................................................3

*Peters v. Ryan*,
    C.A. No. 16-01332-RGA, 2017 WL 1393692 (D. Del. Apr. 13, 2017) ....................................2

*Piper Aircraft Co. v. Reyno*,
    454 U.S. 235 (1981) ....................................................................................................................8

*Rockwell Automation, Inc. v. EU Automation, Inc.*,
    C.A. No. 21-1162-MN, 2022 WL 15447159 (D. Del. Oct. 27, 2022) ......................................8

*Time Share Vacation Club v. Atl. Resorts, Ltd.*,
    735 F.2d 61 (3d Cir. 1984) .........................................................................................................7

*VoterLabs, Inc. v. Ethos Grp. Consulting Servs., LLC*,
    C.A. No. 19-524-MAK, 2021 WL 3403932 (D. Del. Aug. 4, 2021)......................................10

*Zausner Foods Corp. v. ECB USA, Inc.*,
    C.A. No. 20-1769-RGA-CJB, 2022 WL 609110 (D. Del. Jan. 31, 2022)................................9

**RULES**

Fed. R. Civ. P. 12(b)(2).................................................................................................................1

Defendant ATB Financial ("ATB") respectfully submits this reply brief in support of its Motion to Dismiss.[1]  D.I. 25.

## INTRODUCTION

Plaintiffs' Opposition fails to overcome the clear and dispositive grounds for dismissal set forth in ATB's Motion.  Plaintiffs do not dispute the validity or enforceability of the numerous forum selection clauses in the governing Loan Agreements, each of which names Alberta as the appropriate forum for this dispute.  Nor do they contest that the Security Agreements' (which are within the Loan Agreements) forum selection clause encompass their tortious interference claim. Both the original *and* Amended Complaint admit that this entire dispute arises from ATB's exercise of its contractual rights.  Aware of the consequence of those admissions, Plaintiffs attempt to sidestep the forum selection clauses by mischaracterizing who is bound and by improperly recasting a breach of contract claim as a tort.  These tactics are unavailing and are contradicted by Plaintiffs' own pleadings.  The Loan Agreements demonstrably apply to each Plaintiff and the broad language of the forum selection clauses in each apply squarely to Plaintiffs' meritless tortious interference claim.

Plaintiffs also fail to meet their burden of establishing personal jurisdiction over ATB. There is no dispute that the entirety of the parties' relationship arises from Canadian contracts. There is also no evidence contradicting ATB's declaration that it has no connection to Delaware. Instead, Plaintiffs rely on an out of circuit case to focus on *their* purported connections with Delaware—this effort, and the case relied upon by Plaintiffs were expressly rejected by the Third Circuit.  Plaintiffs also offer no affidavit, no evidence, and no factual basis to support personal jurisdiction over ATB or justify jurisdictional discovery.  Plaintiffs' unsupported lawyer argument

---

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in D.I. 26 ("ATB's Opening Brief in Support of the Motion").

is insufficient and there is no personal jurisdiction over ATB.

Finally, Plaintiffs' tortious interference claim is inadequately pled, relying on conclusory assertions and repackaging of contractual obligations under the relevant Loan Agreements, without alleging a single independent wrongful conduct by ATB. For these reasons, and those set forth in ATB's Motion, the Amended Complaint should be dismissed in its entirety with prejudice.

## I.     THE FORUM SELECTION CLAUSES IN THE RELEVANT LOAN AGREEMENTS BAR PLAINTIFFS' TORTIOUS INTERFERENCE CLAIM

ATB's Motion establishes that the relevant Loan Agreements all contain enforceable and exclusive forum selection clauses that bar Plaintiffs' tort claim in Delaware. Plaintiffs do not dispute these points, therefore conceding them.[2] Unable to argue against the enforceability of the provisions, Plaintiffs incorrectly argue that their tort claim is outside of the scope of the provisions and falsely claim that they are not all bound by the Security Agreements.

*First*, contrary to Plaintiffs' claims that their complaint is "outside the scope of the forum selection clauses," the forum selection clauses in the relevant Loan Agreements, which include the Security Agreements, squarely encompasses Plaintiffs' tortious interference claim against ATB. The Court need look no further than Plaintiffs' own cited authority, *Ashall Homes Ltd. v. ROK Ent. Grp. Inc.*, 992 A.2d 1239, 1245 (Del. Ch. 2010), which supports that Plaintiffs' tort claim falls under the language of the forum selection clauses.

In *Ashall Homes*, the Court of Chancery *enforced* the forum selection clauses that stated, "English courts shall have jurisdiction of ***any disputes arising hereunder***," holding that such language precluded the Delaware court from exercising jurisdiction over the plaintiffs' claim.

---

[2] *Peters v. Ryan,* C.A. No. 16-01332-RGA, 2017 WL 1393692, at *2 (D. Del. Apr. 13, 2017) ("When a party files an opposition brief and fails to contest an issue raised in the opening brief, the issue is considered waived or abandoned by the non-movant").

*Ashall Homes*, 992 A.2d at 1250 (emphasis added).  The *Ashall Homes* court emphasized that the two agreements at issue were executed contemporaneously and formed part of a single integrated scheme, making the forum selection clause in one applicable to disputes arising under both.  *Id.* at 1251.  Additionally, the *Ashall Homes* court made clear that parties cannot, as Plaintiffs attempt to do here, avoid the effect of a valid forum selection clause by recasting their claims in tort or other non-contractual theories.  *Id.* at 1252.  Specifically, the court concluded that the forum selection clauses applied not only to contract claims but also to tort claims which arose from the contractual relationship, and accordingly granted defendants' motion to dismiss.  *Id.* at 1254.

As the case here, any disputes relating to the governing Loan and Security Agreements should be heard together.  *Id.* at 1252; *see also Nexen Energy ULC v ITP SA,* 2020 ABQB 83 at para 250, attached as Exhibit 1 (citing *Novatrax International Inc v Hägele Landtechnik GmbH,* 2016 ONCA 771 at paras 14-15, attached as Exhibit 2 ("It is well-established that a broad forum selection clause covering 'any disputes' applies not only to contract claims, but also tort claims–such as misrepresentation, interference with economic relations and civil conspiracy–that arise from the contractual relationship[.]")).[3]  The Security Agreements, executed by *each* Plaintiff, as with the other Loan Agreements, contain unambiguous language that Alberta law applies and that Plaintiffs irrevocably agree that "any suit or proceeding with respect to ***any matters arising out* of or *in connection*** with this Agreement may be brought in the court of [the province of Alberta, Canada]."  *See, e.g.*, D.I. 27, Ex. 3 § 19 (emphasis added).

Plaintiffs themselves conceded that the Security Agreements contain these broad-reaching words.  Pl. Opp. at 11.  Unable to argue around the plain language of the Security Agreements,

---

[3] Plaintiffs' argument that Canadian law was not discussed in the opening brief is misplaced.  *See* Pl. Opp. at 9.  Instead, Alberta and Delaware law are sufficiently aligned on the relevant arguments as to not conflict for the purposes of the motion to dismiss.  *See, e.g.*, ATB's Op. Br. at 19 n.5.

Plaintiffs claim that **only** mCloud Technology Services, Inc. entered into the Security Agreements. *See id.* This is demonstrably false. *Each* Plaintiff in this case is a signatory to the relevant Loan Agreements, *including* the General Security Agreements. *See* D.I. 27, Ex. 3, at 282 ("FROM: mCloud Technologies Services Inc. (the 'Debtor')"); *id.* at 295 ("FROM: mCloud Technologies Corp. (the 'Debtor')"); *id.* at 308 ("FROM: mCLOUD TECHNOLOGIES (USA) Inc. (the 'Debtor')"); *see also id.*, at pp. 290; 303; & 316 (signature pages for *each* Plaintiff). Plaintiffs also dedicate a single sentence to an unsupported argument that because the Loan and Security Agreements are different documents that the Security Agreements somehow do not apply. This argument is nonsensical given it is undisputed that the relevant agreements arise from the same transaction, the Commitment Letters specifically refer to the Security Agreements (*see* D.I. 27, Ex. 2, § 3), this argument was rejected in *Ashall Homes*, and Plaintiffs' own Opposition concedes that the Security Agreements apply.[4] Thus, the forum selection clause in the applicable agreements apply to *each* Plaintiff, and Plaintiffs concede that those provisions cover their "tort" claim. As to the remaining agreements, Plaintiffs agreed that disputes arising out of the agreements would be filed in Alberta and further completely and irrevocably attorned to jurisdiction in Alberta. D.I. 27, Ex. 6 § 10.6; Ex. 7, § 9.6; Ex. 9, § 11.10; Ex. 10 § 8.7. Thus, the Court need go no further.

*Second*, Plaintiffs' transparent attempt to sidestep the forum selection clauses by recasting a contract claim as a tort claim is not just inappropriate but it is a blatant attempt to circumvent the parties' contractual relationship and should be rejected. Indeed, Plaintiffs' Opposition attempts to premise their tortious interference claim on ATB "engag[ing] in extracontractual conduct in order to unjustly enrich [it]self, and that conduct had the effect of sabotaging two transaction[.]" Pl.

---

[4] Plaintiff sued because "Defendants used their **status as secured lenders** under various loan agreements." Pl. Opp. at 1 (emphasis added); *Ashall Homes*, 992 A.2d at 1250-55.

Opp. at 12.  As an initial matter, this argument fails because it is entirely conclusory and nothing in the Amended Complaint or Opposition specify this purported "extracontractual conduct."[5] Next, this argument is also belied by Plaintiffs own pleadings.  Indeed, the Amended Complaint itself concedes that ATB had "obligations under the loan agreement to not unreasonably withhold [its] consent[.]" Am. Compl. at 9, ¶ 7; *see also id.* at 1, ¶ 1 ("Defendants' abuse of their obligations ***under the various loan agreements***"); *id.* at 5, ¶ 23 ("Plaintiffs sought the consent of Defendants for the sale, which *consent **was required under the terms of the various lending agreements**.*") (emphasis added). Plaintiffs' tortious interference claim therefore *depends* on the same set of facts as articulated in their original complaint.  *Compare* Complaint, D.I. 1, ¶¶ 38-44 ("ATB breached the loan agreements by refusing consent to the proposed sale . . . ."), *with* Amended Complaint at 9, ¶ 7 ("In light of its obligations under the loan agreements to not unreasonably withhold their consent, ATB's withholding of consent. . . ."); *Ashall Homes*, 992 A.2d at 1253.  These admissions are binding, and Plaintiffs cannot sidestep the issue by claiming tort—particularly when its Amended Complaint admits that the claim arises from ATB's contractual rights.  *Consol. Rail Corp. v. Providence & Worcester Co.,* 540 F. Supp. 1210, 1220 n.12 (D. Del. 1982) ("An admission in a pleading is . . . binding on a litigant.").  Finally, the reliance on tort is nonsensical. Without the applicable contracts, it is unclear why Plaintiffs would seek ATB's consent at all, or what ability ATB would have to "block" a transaction.

The forum selection clauses apply to all Plaintiffs and encompass their tort claim.

## II.    THERE IS NO PERSONAL JURISIDICTION OVER ATB

Plaintiffs fail to rebut ATB's well-established contention that this Court lacks personal

---

[5] *See Jaroslawicz v. M&T Bank Corporation*, C.A. No. 15-897-RGA, 2017 WL 1197716, at *6 (D. Del. Mar. 30, 2017) ("Plaintiff, of course, cannot amend its complaint based on briefing and argument.").

jurisdiction over ATB. They proffer no affidavit nor evidence, instead relying on case law expressly rejected by the Third Circuit. Plaintiffs have entirely failed to meet their burden to establish jurisdiction and ATB must be dismissed.

### A. Plaintiffs fail to meet their burden to establish specific jurisdiction under the *Calder* "effects test."

In their Opposition, Plaintiffs concede that there is no general jurisdiction but maintains there is adequate basis for specific jurisdiction. Pl. Opp. at 12. This assertion is flawed. Plaintiffs rely on *Janmark, Inc. v. Reidy*, 132 F. 3d 1200 (7th Cir. 1997) to support personal jurisdiction, but their argument is immediately undermined by their subsequent citation to *IMO Industries, Inc. v. Kiekert AG*, 155 F.3d 254 (3d Cir. 1998), a binding decision that ***expressly rejects*** *Janmark*. *IMO Indus.*, 155 F.3d at 265 ("Accordingly, ***we reject Janmark*** and agree with the conclusion reached by the First, Fourth, Fifth, Eighth, Ninth, and Tenth Circuits that jurisdiction under *Calder* requires more than a finding that the harm caused by the defendant's intentional tort is primarily felt within the forum.") (emphasis added). The Third Circuit determined that the *Calder* "effects test" can only be satisfied if the Plaintiffs can "point to contacts which demonstrate that the defendant *expressly aimed its* tortious conduct at the forum, and thereby made the forum the focal point of the tortious activity." *Id.* at 265 (emphasis in the original).

Notwithstanding Plaintiffs' reliance on non-binding and expressly rejected case law, in an effort to manufacture personal jurisdiction, Plaintiffs contend that this Court has specific jurisdiction over ATB because "both of the interfered transaction would have been governed by Delaware law[;]" involve mCloud Technologies, a Delaware entity; the Transaction would have created another Delaware entity; and by "sabotaging those deals" ATB expressly aimed its conduct at Delaware. Pl. Opp. at 13-14. However, choice of law (of a document to which ATB is not even a party) and Delaware incorporation of a *Plaintiff* is insufficient to confer jurisdiction. *EBP*

6

*Lifestyle Brands Holdings, Inc. v. Boulbain,* 2017 WL 3328363, at *7-8 (Del. Ch. Aug. 4, 2017) (Delaware choice of law in employment contract and Delaware incorporation are insufficient to confer jurisdiction over former employee). Moreover, ATB's Motion and the declaration make clear, however, ATB has no connections to Delaware, nor does it conduct any activities in Delaware. D.I. 26 at 11-14; Philip Decl., ¶¶ 5-15. Indeed, the proposed sale of nGrain, the subject of the LOI, is a Canadian entity placed into receivership by the Court of the King's Bench of Alberta. Philip Decl., ¶¶ 19-20. Plaintiffs do not dispute this fact, nor do they submit any affidavit or any evidence whatsoever of their own to support the assertion of personal jurisdiction. *See Time Share Vacation Club v. Atl. Resorts, Ltd.,* 735 F.2d 61, 66 n.9 (3d Cir. 1984) (Once defendants raise a 12(b)(2) motion, then the plaintiff must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence).

Plaintiffs' reliance on the bare pleadings (that ATB interfered with the letter of intent ("LOI") and purportedly waited too long to respond) and lawyer argument, without actual evidence, conclusively demonstrates Plaintiffs' failure to satisfy its burden to prove personal jurisdiction over ATB. Indeed, the LOI—initiated solely by Plaintiffs and which ATB is not a party, and allegedly interfered with by ATB—fall short of establishing the requisite targeting of Delaware to support jurisdiction. This argument was rejected in *IMO Industries,* where the Third Circuit affirmed dismissal for lack of personal jurisdiction in a case involving the alleged tortious interference with a sale of a foreign subsidiary. *IMO Indus.*, 155 F.3d at 268. There, the court found that the licensing agreement at issue was governed by German law, the target of the sale was an Italian company, and a few scattered communications were insufficient to establish that New Jersey was the focal point of the defendant's conduct. *Id*. The court concluded that the plaintiff cannot "overcome the clear implication from the surrounding facts" that the forum state

"was not the focus of the dispute." *Id*. at 268.

Likewise, Plaintiffs' Amended Complaint and Opposition fail to identify any facts demonstrating that ATB's conduct was expressly aimed at Delaware. Indeed, ATB's Motion and the declaration submitted in support thereof conclusively demonstrates ATB has no connection to Delaware and Plaintiffs offer no facts through affidavit or other competent evidence to sustain its burden of establishing personal jurisdiction. *See* D.I. 26 at 11-14. Accordingly, this Court should grant ATB's Motion as the exercise of personal jurisdiction over it would violate due process.

**B.  The *Forum non conveniens* factors weigh in favor of dismissal in Delaware.**

Plaintiffs do not dispute that venue would be proper in Canada. Instead, Plaintiffs argue that the *Jumara* factors weigh in favor of litigating in Delaware. *See* Pl. Opp. 15-16. However, Plaintiffs' only assertion that Delaware is convenient is speculative. They simply conclude with no support that counterparties to the transaction would present themselves in Delaware but not Canada. Pl. Opp. at 16. Yet, Plaintiffs offer no affidavit or evidence to substantiate these claims. *See Rockwell Automation, Inc. v. EU Automation, Inc*., C.A. No. 21-1162-MN, 2022 WL 15447159, at *6 (D. Del. Oct. 27, 2022) (The convenience of the witness factor only carries weight to the extent witnesses are actually unavailable in one of the fora. "Although Plaintiff names these individuals, it offers no meaningful discussion of inconvenience to these witnesses in either forum beyond attorney argument."). In contrast, ATB has demonstrated that the nGrain transaction referred to in the Amended Complaint and LOI is directly at issue in the Canadian Receivership Proceedings and forms part of the factual basis for the appointment of the receiver. *See* Philip Decl., ¶ 20; D.I. 27, Ex. 12. Moreover, if this case proceeds, many of the relevant documents and witnesses are located in Canada. Philip Decl., ¶ 21.

Plaintiffs have failed to produce "significant evidence" demonstrating that Canada is "clearly unsatisfactory." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 n.22 (1981). Plaintiffs

cannot satisfy this burden, particularly where a more convenient, relevant, and agreed-upon forum

exists. Thus, the Court should dismiss this case under the doctrine of *forum non conveniens*.

### C.  Plaintiffs have not established jurisdictional discovery is warranted.

The courts in this district do not permit discovery as a matter of course. *3G Licensing, S.A.*

*v. Lenovo Grp. Ltd.*, C.A. No. 17-84-LPS, 2019 WL 3974539, at *3 (D. Del. Aug. 22, 2019).

"Before allowing discovery to proceed, 'the court must be satisfied that there is some indication

that the particular defendant is amendable to suit in this forum." *Id*.  If a party has not made out a

*prima facie* showing of personal jurisdiction, then the party is not entitled to take jurisdictional

discovery. *Zausner Foods Corp. v. ECB USA, Inc.*, C.A. No. 20-1769-RGA-CJB, 2022 WL

609110, at *11 n.16 (D. Del. Jan. 31, 2022), *report and recommendation adopted*, C.A. No. 19-

731-RGA, 2022 WL 884235 (D. Del. Mar. 25, 2022).  Here, Plaintiffs request jurisdictional

discovery but fail to provide any support suggesting with "reasonable particularly" the existence

of contacts between ATB and Delaware. *3G Licensing*, 2019 WL 3974539, at *3.  Plaintiffs have

not carried its burden of making a *prima facie* showing that ATB is subject to personal jurisdiction

in Delaware.  *See Zausner Foods*, 2022 WL 609110, at *11 n.16 (denying jurisdictional discovery

and noting that "the relevant law does not allow for a scenario where a party has failed to make

out a *prima facie* showing of personal jurisdiction, but still somehow has made out a sufficient

showing to warrant obtaining jurisdictional discovery.").  Therefore*,* Plaintiffs' failure to make a

threshold showing that discovery could provide any indication that ATB is amendable to suit in

Delaware warrants denial of jurisdictional discovery.

### III.    PLAINTIFFS HAVE NOT ADEQUATELY PLED TORTIOUS INTERFERENCE AGAINST ATB

Plaintiffs' conclusory assertions, unsupported by any factual allegations, cannot sustain

their tortious interference claim against ATB.  Plaintiffs also reveal for the first time in their

Opposition that they are alleging a claim for tortious interference *with prospective business relations*.[6] Plaintiffs' deficient pleading that does nothing more than recite the elements of a cause of action, is further underscored by their Opposition, which fails to add a single allegation of wrongful conduct by ATB that exceeded ATB's obligation under the Loan Agreements.

A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009). Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of 'further factual enhancement.'" *Id*. Plaintiffs themselves concede that ATB's consent "was required under the terms of the various lending agreements." *See* Am. Compl. at 5, ¶ 24; Pl. Opp. at 4 ("Pursuant to those lending agreements, the consent of Defendants to the sale was not to be unreasonably withheld."); *VoterLabs, Inc. v. Ethos Grp. Consulting Servs., LLC*, C.A. No. 19-524-MAK, 2021 WL 3403932, at *12 (D. Del. Aug. 4, 2021) (In alleging tortious interference, Plaintiffs must allege breach of "an independent duty imposed by law rather than a duty which arises . . . by mere agreement of the parties. Even an intentional, knowing, wanton, or malicious action by the defendant will not support a tort claim if the plaintiff cannot assert wrongful conduct beyond the breach of contract itself."). As stated in the Motion, Plaintiffs fail to allege any tortious conduct by ATB, and their attempt to repackage a breach of contract claim as a tort claim is unavailing. *Id*.

## CONCLUSION

For the reasons set forth herein and in ATB's Motion, the Court should dismiss ATB from this action.[7]

---

[6] *Compare* Am. Compl. Count I (generally alleging tortious interference against ATB), *with* Pl. Opp. at 16 ("elements of tortious interference with business relations").

[7] Additionally, because Plaintiffs have failed to address the issue of subject matter jurisdiction raised in Fiera's briefing, this matter may also be dismissed on those grounds.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

By:  */s/ Jesse L. Noa*
    Jesse L. Noa (#5973)
    Malisa C. Dang (#7187)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, DE  19801
    Tel:  (302) 984-6000
    jnoa@potteranderson.com
    mdang@potteranderson.com

Dated:  October 23, 2025       *Attorneys for Defendant ATB Financial*