# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MCLOUD TECHNOLOGIES (USA) INC., MCLOUD TECHNOLOGIES SERVICES INC., MCLOUD TECHNOLOGIES CORP., | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) C.A. No. 25-692-RGA<br>) |
| ATB FINANCIAL and FIERA PRIVATE DEBT FUND GP INC., | )<br>)<br>) |
| Defendants. | ) |

## FIERA PRIVATE DEBT FUND GP INC.'S REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT

OF COUNSEL:

James P. Flynn
EPSTEIN BECKER & GREEN, P.C.
One Gateway Center
Newark, NJ 07102
(973) 642-1900
jflynn@ebglaw.com

Dated: October 23, 2025

CONNOLLY GALLAGHER LLP

Arthur G. Connolly, III (#2667)
Alan R. Silverstein (#5066)
1201 North Market Street, 20th Floor
Wilmington, DE 19801
(302) 757-7300
aconnolly@connollygallagher.com
asilverstein@connollygallagher.com

*Attorneys for Defendant*
*Fiera Private Debt Fund GP Inc.*

# TABLE OF CONTENTS

        **Page**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................... 1

ARGUMENT ......................................................................................................................... 2

I.     Plaintiffs Assert Their Specious Tort Claim Arises Out of Their Contractual Relationship with Defendants, Thus Necessarily Conceding the Applicability of Their Forum Selection Clause with Fiera and the Appropriateness of Dismissing the Matter on Federal Rule of Civil Procedure 12(b)(6) and Forum Non-Conveniens Grounds ......................................... 2

II.    Should the Court Look Beyond the Determinative Forum Selection Clause, the Court Still Lacks Personal Jurisdiction, and Should Grant Fiera's Motion on Federal Rule of Civil Procedure 12(b)(2) and Forum Non-Conveniens Grounds .................................................. 4

        A.    Plaintiffs Have Not Presented Factual Allegations that Suggest With Reasonable Particularity the Possible Existence of the Requisite Contacts Between the Party and the Forum State; the Court, Therefore, Should Grant Fiera's Rule 12(b)(2) Motion Without Allowing Discovery ................................................................................. 4

        B.    Because Plaintiffs Here Concede That Canadian Provincial Law "Governs All of the Contracts at Issue" and Rely on Plaintiffs' Choice of Forum as if There was a Single Factor Test for Forum Non-Conveniens, the Court Should, Alternatively, Dismiss on That Ground Since the Applicable Factors Weigh Heavily in Favor of a Canadian Forum ............................................................................................................................. 7

III.   The Court Should Grant Fiera's Federal Rule of Civil Procedure 12(b)(6) Motion to Dismiss Because Plaintiffs Have Not Addressed Or Rebutted Any of the Grounds Fiera Asserted, and Have Not Offered Allegations of the Sort Necessary Under Applicable Law to Establish the Asserted Tort Claim ....................................................................................... 8

IV.   Finally, Since Plaintiffs Offer No Response to Fiera's Federal Rule of Civil Procedure 12(b)(1) Motion, the Court Should Grant that Unopposed Motion ................................... 10

CONCLUSION .................................................................................................................... 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashall Homes Ltd. v. ROK Ent. Grp. Inc.*,
   992 A.2d 1239 (Del. Ch. 2010) ...................................................................................2

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ......................................................................................................9

*Automated Precision, Inc. v. Pare*,
   631 F.Supp.3d 185 (D. Del. 2022) ................................................................................9

*Beaumont v. Vanguard Logistics Servs. (USA), Inc.*,
   615 F.Supp.3d 253 (D.N.J. 2022) ..............................................................................3, 4

*Calder v. Jones*,
   465 U.S. 783 (1984) ......................................................................................................4

*Carlyle Inv. Management LLC v. Moonmouth Co. SA*,
   779 F.3d 214 (3d Cir. 2015) ..........................................................................................3

*Commisseriat A L'Energie Atomique v. Chi Mei Optoelectronics Corp.*,
   293 F.Supp.2d 423 (D. Del. 2003) ................................................................................5

*Crescent Int'l, Inc. v. Avatar Cmty., Inc.*,
   857 F.2d 943 (3d Cir. 1988) ..........................................................................................3

*Data Mgmt. Int'l., Inc. v. Saraga*,
   C.A. No. 05C-05-108, 2007 WL 2142848 (Del. Super. Ct. Jul. 25, 2007) ...................9

*Delaware v. BP America Inc.*,
   578 F.Supp.3d 618 (D. Del. 2022) ..............................................................................10

*Hansen v. Neumueller GmbH*,
   163 F.R.D. 471 (D. Del.1995) ......................................................................................6

*Higgins v. Bayada Home Health Care Inc.*
   62 F.4th 755 (3d Cir. 2023) ........................................................................................10

*IMO Industries, Inc. v. Kiekert AG.*,
   155 F.3d 254 (3d Cir. 1998) ..........................................................................................4

*Ingenico Inc. v. Ioengine, LLC*,
   C.A. No. 18-826-WCB, 2021 WL 765757 (D. Del. Feb. 26, 2021) .............................7

*Janmark, Inc. v. Reidy*,
 132 F.3d 1200 (7th Cir. 1997) ..................................................................................................4

*John Wyeth & Bro. Ltd. v. CIGNA Int'l Corp.*,
 119 F.3d 1070 (3d Cir. 1997)...................................................................................................3

*Laborers' Int'l Union of N. Am. v. Foster Wheeler Energy Corp.*,
 26 F.3d 375 (3d Cir. 1994).....................................................................................................10

*Lara v. Comm'r Pa. State Police*,
 125 F.4th 428 (3d Cir. 2025) .................................................................................................10

*Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino*,
 960 F.2d 1217 (3d Cir. 1992)...............................................................................................5, 6

*Nitterhouse Concrete Prods., Inc. v. Dobco Grp., Inc.*,
 305 F.Supp.3d 580 (D.N.J. 2018) ............................................................................................3

*Novatrax Int'l Inc., v. Hägele Landtechnik GmbH*,
 2016 ONCA 771 at ¶ 15 (Can. On.) (CANLII) ......................................................................3

*Path to Riches, LLC on behalf of M.M.T. Diagnostics (2014),
 Ltd. v. CardioLync, Inc.*,
 290 F.Supp.3d 280 (D. Del. 2018) ...........................................................................................7

*Piper Aircraft Co. v. Reyno*,
 454 U.S. 235 (1981).................................................................................................................7

*Pride Enter., Inc. v. Lewes Steel Serv.*,
 C.A. No. 09-330-GMS, 2010 WL 1337683 (D. Del. Mar. 31, 2010) .....................................3

*Prime Victor Int'l Limited v. Simulacra Corp.*,
 682 F.Supp.3d 428 (D. Del. 2023) .........................................................................................10

*Singh v. Illusory Sys., Inc.*,
 727 F.Supp.3d 500 (D. Del. 2024).........................................................................................10

*Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct.
 for S. Dist. of Iowa*,
 482 U.S. 522 (1987).................................................................................................................7

*Telecordia Techs., Inc. v. Alcatel S.A.*,
 No. Civ. A. 04–874 GMS, 2005 WL 1268061 (D. Del. May 27, 2005) .................................6

*Time Share Vacation Club v. Atl. Resorts, Ltd.*,
 735 F.2d 61 (3d Cir. 1984)...................................................................................................5, 6

*Toys "R" Us, Inc. v. Step Two, S.A.*,
   318 F.3d 446 (3d Cir. 2003) ............................................................................... 5, 6

*Trotter v. 7R Holdings LLC*,
   873 F.3d 435 (3d Cir. 2017) ....................................................................................... 8

*VoterLabs, Inc. v. Ethos Grp. Consulting Servs., LLC*,
   C.A. No. 19-524-MAK, 2021 WL 3403932 (D. Del. Aug. 4, 2021) ......................... 9

**Statutes**

10 *Del. C.* § 3104(c)(3) .................................................................................................... 5

**Other Authorities**

Fed. R. Civ. P. 8 ................................................................................................................ 9

Fed. R. Civ. P. 12(b)(1) ........................................................................................... 1, 9, 10

Fed. R. Civ. P. 12(b)(2) ............................................................................................. 1, 4, 6

Fed. R. Civ. P. 12(b)(6) ............................................................................................ 1, 2, 3, 8

Defendant Fiera Private Debt Fund GP Inc. ("Fiera") respectfully submits this reply brief in further support of its motion to dismiss the claims against it in Plaintiffs' Amended Complaint, D.I. 24 (the "Amended Complaint" or "Am. Cmpl.") under Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6), as well as on forum non-conveniens ("FNC") grounds.

## PRELIMINARY STATEMENT

Plaintiffs fail to overcome the multiple grounds for dismissal set forth in Fiera's motion to dismiss.

Plaintiffs begin, and continue throughout their brief, asserting the centrality of relevant agreements to any consideration of their tortious interference claim, thus failing to refute that the forum selection clause encompasses their current tort claim. Indeed, this admits that their claim arises entirely from Fiera's alleged contractual rights and duties.

Plaintiffs also fail to meet their burden of establishing that this Court has personal jurisdiction over Fiera. Plaintiffs rely solely on a non-binding out of circuit case that has been rejected by the Third Circuit, offering neither competent evidence nor competent legal authority to demonstrate Fiera has sufficient contacts with this forum to confer personal jurisdiction or warrant jurisdictional discovery. Plaintiffs further fail to establish that Delaware is a more convenient forum than Canada and again rely solely on speculation and conjecture to oppose Fiera's FNC claim.

Plaintiffs also cannot overcome dismissal on Rule 12(b)(6) grounds because their tortious interference claim is inadequately pleaded.

Finally, Plaintiffs fail to respond at all, and thus concede Fiera's argument, that the Court lacks subject matter jurisdiction over this action, requiring its immediate dismissal.

Accordingly, for these reasons, and the reasons set forth in Fiera's motion, the Amended Complaint should be dismissed in its entirety with prejudice.

# ARGUMENT

I.  **Plaintiffs Assert Their Specious Tort Claim Arises Out of Their Contractual Relationship with Defendants, Thus Necessarily Conceding the Applicability of Their Forum Selection Clause with Fiera and the Appropriateness of Dismissing the Matter on Federal Rule of Civil Procedure 12(b)(6) and Forum Non-Conveniens Grounds**

Plaintiffs contend that their former breach of contract claim now masquerading as a tort claim allegedly arose because "Defendants used their status as secured lenders under various loan agreements" to accomplish certain ends, and that such claim rests on a determination of "the scope of their [i.e. the Defendants'] rights under the loan agreements." Plaintiffs' Brief ("Opp. Brief"), page 1, Summary of Argument, paras. 1 and 2; *and see id*. (emphasis added); at page 4 (referring to "**the terms of the various lending agreements**" requiring the Defendants not "unreasonably" withhold their consent to transactions) and page 9 (referring to "all of the **contracts at issue**") (emphasis added to both).

Though Fiera has provided support in its moving brief, and provides herein additional support for granting its motion, Plaintiffs' own phrasing matches the mandatory forum selection clause requiring that "the Ontario Superior Court of Justice (Commercial List) shall have sole jurisdiction … in respect of any other legal dispute arising from the Accommodation Agreement and the Loan Agreement." French Decl., Ex. 4 (June 30, 2023, Amendment) at § 15. Thus, Plaintiffs have conceded they are alleging "that [Fiera's] … tortious behavior has overridden the promises made in the agreements, [therefore, Plaintiffs'] non-contract claim[] necessarily raise[s] the question of how the boundary between contract and tort is to be drawn in this case." *Ashall Homes Ltd. v. ROK Ent. Grp. Inc.*, 992 A.2d 1239, 1250, 1253-1254 (Del. Ch. 2010) (dismissing complaint and enforcing forum selection clause, requiring "English courts shall have jurisdiction over **any disputes arising hereunder**" with respect to tort claims that arose from the contractual relationship) (emphasis added).

Canadian law does not need to be analyzed to dismiss this action under Rule 12(b)(6) and/or on FNC grounds. When foreign law governs an agreement and no discussion of it is presented by either party, the Court can assume "that [the parties] do not rely on any distinctive features of [Canadian] law and [can] therefore base [its] decision on general contract law principles." *John Wyeth & Bro. Ltd. v. CIGNA Int'l Corp.*, 119 F.3d 1070, 1074 (3d Cir. 1997); *see also Ashall Homes Ltd.*, 992 A.2d at 1246 (interpreting forum selection clause governed by English law under Delaware law). Regardless, under general principles of both Canadian law and Delaware state contract law, the scope of the forum selection clause, which applies to **"any legal dispute arising from … the [Fiera] Loan Agreement,"** encompasses Plaintiffs' tortious interference claim.[1]

Plaintiffs also do not address in their briefing the ample precedent in Fiera's moving brief that establishes that this forum selection clause is mandatory, valid, enforceable, and given controlling weight. *Pride Enter., Inc. v. Lewes Steel Serv.*, C.A. No. 09-330-GMS, 2010 WL 1337683 at *3 (D. Del. Mar. 31, 2010) (forum selection clause entitled to "great weight"); *Beaumont v. Vanguard Logistics Servs. (USA), Inc.*, 615 F.Supp.3d 253, 259 (D.N.J. 2022) (a valid

---

[1] *Compare Ashall Homes Ltd.*, 992 A.2d at 1252-1253 (a forum selection clause governs non-contract claims that "grow out of the contractual relationship" that require "a determination of the contract's scope and of how the rights and duties by that contract interact with the parties' general tort duties") *with Novatrax Int'l Inc., v. Hägele Landtechnik GmbH*, 2016 ONCA 771 at ¶ 15 (Can. On.) (CANLII) (stating that under Ontario law "[i]t is well-established that a broad forum selection clause covering 'any disputes' applies not only to contract claims, but also tort claims – such as … interference with economic relations … – that arise from the contractual relationship") (copy attached as Ex. 1 to Declaration of James P. Flynn submitted herewith); *accord Crescent Int'l, Inc. v. Avatar Cmty., Inc.*, 857 F.2d 943, 944 (3d Cir. 1988) (finding a tortious interference claim was governed by a contract's forum selection clause as it was "arising out of the agreement implicating its terms"); *Carlyle Inv. Management LLC v. Moonmouth Co. SA*, 779 F.3d 214, 220 (3d Cir. 2015) ("An action need not even allege contract-based claims in order for a forum selection clause in a contract to be enforced" and "[i]f this were not the rule, a plaintiff could easily avoid a forum selection clause by artfully pleading non-contract claims that stem from the contractual relationship.").

3

and enforceable forum selection clause "should be given 'controlling weight in all by the most exceptional cases.'"); *Nitterhouse Concrete Prods., Inc. v. Dobco Grp., Inc.*, 305 F.Supp.3d 580, 587 (D.N.J. 2018) (mandatory forum selection clause to be enforced). Thus, the Court should dismiss this action in favor of the jurisdiction and forum (Canadian) to which the parties agreed.

II. **Should the Court Look Beyond the Determinative Forum Selection Clause, the Court Still Lacks Personal Jurisdiction, and Should Grant Fiera's Motion on Federal Rule of Civil Procedure 12(b)(2) and Forum Non-Conveniens Grounds**

    A. *Plaintiffs Have Not Presented Factual Allegations that Suggest With Reasonable Particularity the Possible Existence of the Requisite Contacts Between the Party and the Forum State; the Court, Therefore, Should Grant Fiera's Rule 12(b)(2) Motion Without Allowing Discovery*

Plaintiffs concede there is no general jurisdiction over Fiera and instead argue this Court has specific jurisdiction over Fiera based on the theory that "Delaware was the focal point of the alleged tort." *See* Opp. Brief at 12-14. Plaintiffs' argument is inherently flawed because it is based solely on non-binding caselaw expressly rejected by the Third Circuit and Plaintiffs fail to present any facts with reasonable particularity to suggest the existence of the requisite contacts with Delaware required for specific jurisdiction.

Plaintiffs erroneously rely on *Janmark, Inc. v. Reidy*, 132 F.3d 1200 (7th Cir. 1997), a decision explicitly repudiated by the Third Circuit in *IMO Industries, Inc. v. Kiekert AG*. *See IMO Indus., Inc.*, 155 F.3d 254, 265 (3d Cir. 1998) ("**we reject Janmark** and agree with the conclusion reached by the First, Fourth, Fifth, Eighth, Ninth, and Tenth Circuits that jurisdiction under *Calder* [*v. Jones*, 465 U.S. 783 (1984)] requires more than a finding that the harm caused by the defendant's intentional tort is primarily felt within the forum.") (emphasis added). The Third Circuit decided that the *Calder* "'effects test' can only be satisfied if the plaintiff can point to contacts which demonstrate that the *defendant expressly aimed* its tortious conduct at the forum, and thereby made the forum the focal point of the tortious activity." *IMO Indus., Inc.*, 155 F.3d at

4

265 (emphasis added). Plaintiffs fail to meet this requirement.

Plaintiffs fail to offer any facts via competent evidence that refute Fiera's sworn statements of its lack of contacts with Delaware and that this action stems from a Canadian transaction primarily between Canadian parties and is untethered to the Delaware forum. *See* French Decl. ¶¶ 11-17. Further, any reliance on 10 *Del. C.* § 3104(c)(3) to confer specific jurisdiction over Fiera is misplaced because it applies only to nonresidents who "cause[] tortious injury in the State *by an act or omission in this State*." 10 *Del. C.* § 3104(c)(3) (emphasis added); *see Commisseriat A L'Energie Atomique v. Chi Mei Optoelectronics Corp.*, 293 F.Supp.2d 423, 429 (D. Del. 2003) ("to establish jurisdiction under § 3104(c)(3), 'the defendant, or an agent of the defendant, must be present in Delaware when the deed is done'") (citation omitted).

Further, Plaintiffs have not provided evidence—and cannot argue—that Fiera took any action within Delaware that caused their alleged injury. *See* French Decl. ¶¶ 13-14; *see Time Share Vacation Club v. Atl. Resorts, Ltd.,* 735 F.2d 61, 66 n.9 (3d Cir. 1984) (on a 12(b)(2) motion, the plaintiff must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence). To the contrary, Plaintiffs focus on *their own* extensive connections to Delaware, including with respect to the attempted unconsummated transaction to be governed under Delaware law, which are insufficient to confer personal jurisdiction over Fiera.[2] Additionally, Plaintiffs have no basis for obtaining discovery concerning personal jurisdiction. The Third Circuit has held that any indulgence of personal jurisdiction is at best conditional and only arises "[i]f a plaintiff presents factual allegations that suggest 'with reasonable particularity' the possible existence of the requisite 'contacts between [the party] and the forum state.'" *Toys*

---

[2] *See* Opp. Brief at 5 ("Plaintiffs entered into a … LOI to sell certain assets of Plaintiffs to … a Delaware corporation" and the proposed "Asset Sale Transaction" that was the subject of the LOI "was governed by Delaware law" and contained a Delaware choice of forum provision).

"R" Us, Inc. v. Step Two, S.A., 318 F.3d 446, 456 (3d Cir. 2003) (quoting *Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992)).

Thus, jurisdictional discovery is not automatic—the plaintiff must make (which these Plaintiffs have not) a threshold showing that discovery could plausibly fill factual gaps relating to personal jurisdiction. Plaintiffs here have done nothing of the sort. Indeed, the Third Circuit cautions that a plaintiff may not "rely on the bare pleadings alone," *Time Share Vacation Club*, 735 F.2d at 66 n.9), and must come forward with actual evidence or detailed factual allegations suggesting jurisdiction might exist. *Toys "R" Us, Inc.*, 318 F.3d at 456. Here, Plaintiffs have presented only briefing, and an Amended Complaint, without any affidavits, sworn declarations, or documentary evidence. *See Hansen v. Neumueller GmbH,* 163 F.R.D. 471, 476 (D. Del.1995) ("This Court is *not* bound to accept as true the allegations in plaintiff's complaint for the purposes of determining whether plaintiff has made a minimal showing so as to entitle him to discovery on the issue of personal jurisdiction. As previously noted, a plaintiff may not rely on the bare allegations in his complaint to warrant further discovery.").

Plaintiffs simply fail to make the required showing, even though "[o]nce the [personal jurisdiction] defense has been raised, then the plaintiff must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence" and "at no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of in personam jurisdiction." *Time Share Vacation Club*, 735 F.2d at 66 n.9. A mere "unsupported allegation" that the prerequisites for personal jurisdiction have been met would amount to a "clearly frivolous" claim and would not warrant the grant of jurisdictional discovery. *See Telecordia Techs., Inc. v. Alcatel S.A.*, No. Civ. A. 04–874 GMS, 2005 WL 1268061, at *9 (D. Del. May 27, 2005). When the lack of personal jurisdiction is clear,

6

further discovery serves no purpose and thus should be denied. *Id.*

Finally, federal courts have recognized the need for "special vigilance to protect foreign litigants from the danger that unnecessary, or unduly burdensome, discovery may place them in a disadvantageous position," noting "the demands of comity in suits involving foreign states, either as parties or as sovereigns with a coordinate interest in the litigation." *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for S. Dist. of Iowa*, 482 U.S. 522, 546 (1987); *see also Ingenico Inc. v. Ioengine, LLC*, C.A. No. 18-826-WCB, 2021 WL 765757, at *2 (D. Del. Feb. 26, 2021) (reiterating that the Supreme Court cautioned district courts to exercise "'special vigilance to protect foreign litigants from the danger [of] unnecessary, or unduly burdensome, discovery'") (citation omitted).

Accordingly, this court should reject Plaintiffs' invitation to engage in jurisdictional discovery.

> B. *Because Plaintiffs Here Concede That Canadian Provincial Law "Governs All of the Contracts at Issue" and Rely on Plaintiffs' Choice of Forum as if There was a Single Factor Test for Forum Non-Conveniens, the Court Should, Alternatively, Dismiss on That Ground Since the Applicable Factors Weigh Heavily in Favor of a Canadian Forum*

Plaintiffs do not dispute that venue is proper in Canada or that Canada provides an "adequate alternate forum" to resolve this dispute, seeming to rest nearly entirely on an alleged presumption in favor of Plaintiffs' forum choice. But, because Defendants are foreign companies, that presumption simply does not apply in this context with the vigor Plaintiffs urge. *See Path to Riches, LLC on behalf of M.M.T. Diagnostics (2014), Ltd. v. CardioLync, Inc.*, 290 F.Supp.3d 280, 285-86, 288 (D. Del. 2018) (finding that the presumption in favor of plaintiff's forum choice "'applies with less force when the plaintiff or real parties in interest are foreign' … 'merely [out of] a reluctance to assume that the choice is a convenient one'") (citations omitted). Indeed, Plaintiffs failed to show that the agreed-upon forum of Canada is "clearly inadequate." *Piper*

7

*Aircraft Co. v. Reyno*, 454 U.S. 235, 254 (1981).

Moreover, Plaintiffs fail to meaningfully engage with the *Jumara* factors, which is evidenced by their singular reliance on the plaintiff's choice of forum factor and offering unsubstantiated speculations. For instance, Plaintiffs speculate that the foreign non-parties would appear in a Delaware court but "it is unlikely" they would subject themselves to a Canadian court—without providing any supporting affidavits or certifications. *See* Opp. Brief at 15-16. Plaintiffs also concede that documents and party witnesses reside in Canada but nonetheless speculate that those documents could be produced in a Delaware action without offending relevant Canadian laws. *See* Opp. Brief at 15-16. Finally, Plaintiffs state expressly that "the Provincial Law …governs all of the **contracts at issue.**" Opp. Brief at 9 (emphasis added).

Conversely, Fiera has illustrated that Canada is an adequate alternative forum to interpret the contract germane to this suit under Canadian Provincial Law and consider material witness testimony and documents—both primarily located in Canada. *See* French Decl. ¶ 15; *see Trotter v. 7R Holdings LLC*, 873 F.3d 435, 442 (3d Cir. 2017) (discussing the factors consider "the cost of obtaining attendance of willing…witnesses" and "the chances that the court will be 'at home with the…law that must govern the case'") (citations omitted). Accordingly, this court should dismiss this matter on FNC grounds.

**III.   The Court Should Grant Fiera's Federal Rule of Civil Procedure 12(b)(6) Motion to Dismiss Because Plaintiffs Have Not Addressed Or Rebutted Any of the Grounds Fiera Asserted, and Have Not Offered Allegations of the Sort Necessary Under Applicable Law to Establish the Asserted Tort Claim**

The Court should dismiss Plaintiffs' conclusory tortious interference claim, which Plaintiffs describe in their Opposition Brief for the first time to be a claim for tortious interference

8

*with prospective business relations*.³ Since common sense suggests that Fiera would not willingly (and certainly not tortiously) block a transaction that would ultimately allow it to recover its loss, a reality never addressed by Plaintiffs, the allegations of their Amended Complaint are conclusory ones devoid of the necessary factual content. That is insufficient to make the claim legally plausible or avoid dismissal. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). Here, the Amended Complaint contains no more than a "formulaic recitation of the elements of" a claim for tortious interference. *Id.*

Additionally, Plaintiffs allege in sum that their tortious interference with prospective business relations claim is based on Fiera's failure to provide its consent pursuant to the lending agreements. *See* Am. Compl. at 5, ¶ 24; Opp. Brief at 4 ("Pursuant to the lending agreements, the consent of Defendants to the sale was not to be unreasonably withheld."). As set forth in Fiera's moving brief, "a plaintiff cannot recover for tortious interference with prospective business relations if the defendant's only alleged 'wrong' was breach of the defendant's contract with the plaintiff." *Automated Precision, Inc. v. Pare*, 631 F.Supp.3d 185, 201 (D. Del. 2022); *see also VoterLabs, Inc. v. Ethos Grp. Consulting Servs., LLC*, C.A. No. 19-524-MAK, 2021 WL 3403932, at *12 (D. Del. Aug. 4, 2021) (dismissing tortious interference with business relationships claim because plaintiff "must allege breach of an 'independent duty imposed by law,' rather than a 'duty which arises … 'by mere agreement of the parties.'"). There is no viable tort claim "if the plaintiff cannot assert wrongful conduct beyond the breach of contract itself." *VoterLabs, Inc.*, 2021 WL 3403932 at *12 (quoting *Data Mgmt. Int'l., Inc. v. Saraga*, C.A. No. 05C-05-108, 2007 WL

---

³ *Compare* Am. Cmpl. at Count I-II (failing to specify the type of claim) *with* Opp. Brief at 16 (emphasis added).

2142848, at *3 (Del. Super. Ct. Jul. 25, 2007)).

Accordingly, this Court should dismiss Plaintiffs' tort claim against Fiera.

### IV. Finally, Since Plaintiffs Offer No Response to Fiera's Federal Rule of Civil Procedure 12(b)(1) Motion, the Court Should Grant that Unopposed Motion

A responding party concedes an issue raised in a moving brief that was not addressed in the responding party's opposition brief. *See Prime Victor Int'l Limited v. Simulacra Corp*., 682 F.Supp.3d 428, 447-48 (D. Del. 2023) ("[w]hen a party files an opposition brief and fails to contest an issue raised in the opening brief, the issue is considered waived or abandoned by the non-movant.") (quoting *Delaware v. BP America Inc*., 578 F.Supp.3d 618, 627 n.6 (D. Del. 2022) (citation omitted)); *see also Singh v. Illusory Sys., Inc*., 727 F.Supp.3d 500, 510 (D. Del. 2024) (finding the plaintiffs conceded an issue when they did not address the issue raised in the defendants' answering brief). Similarly, it is well-established in Third Circuit precedent that "[a] passing reference to an issue … will not suffice to bring that issue before this court." *Higgins v. Bayada Home Health Care Inc*. 62 F.4th 755, 763 (3d Cir. 2023) (quoting *Laborers' Int'l Union of N. Am. v. Foster Wheeler Energy Corp.*, 26 F.3d 375, 398 (3d Cir. 1994)); *see also Lara v. Comm'r Pa. State Police*, 125 F.4th 428, 432 n.5 (3d Cir. 2025) (finding the appellants forfeited their as-applied challenges because they neglected to raise them in their brief). Plaintiffs' responding brief neither addresses, nor hints at addressing, Fiera's Rule 12(b)(1) motion, and the Court should grant dismissal on that basis as well.

### **CONCLUSION**

For the foregoing reasons, the Court should dismiss all claims against Fiera.

|  |  |
|---|---|
|  | CONNOLLY GALLAGHER LLP |
| OF COUNSEL: | /s/ *Alan R. Silverstein* |
|  | Arthur G. Connolly, III (#2667) |
| James P. Flynn | Alan R. Silverstein (#5066) |
| EPSTEIN BECKER & GREEN, P.C. | 1201 North Market Street, 20th Floor |
| One Gateway Center | Wilmington, DE 19801 |
| Newark, NJ 07102 | (302) 757-7300 |
| (973) 642-1900 | aconnolly@connollygallagher.com |
| jflynn@ebglaw.com | asilverstein@connollygallagher.com |
| Dated: October 23, 2025 | *Attorneys for Defendant Fiera Private Debt Fund GP Inc.* |